■ In the Matter of the Estate of JOHN GASCO, Deceased. EDNA BENES, Appellant; JOSEPH L. McLEMORE et al., Respondents.— In a proceeding pursuant to section 231-a of the Surrogate's Court Act, to fix the compensation of two former attorneys for petitioner, a legatee, and to direct a refund of pay-

ments in excess of the amounts to be fixed, petitioner appeals from a decree of the Surrogate's Court, Orange County, dated February 7, 1966, which dismissed the application. Decree reversed, on the law and the facts, with one bill of costs to petitioner, payable jointly by respondents personally; and proceeding remitted to the Surrogate's Court, Orange County, for further proceedings, for the fixation of the attorneys' fees and for the making of an appropriate decree *de novo* not inconsistent herewith. This disposition is without prejudice to any rights which respondents may have to seek recovery otherwise for compensation for services apart from those rendered in connection with petitioner's claims against the Gasco estate. The fee paid to respondent McLemore according to his retainer agreement was one third of all sums received by him from the estate on behalf of petitioner. McLemore received, on her behalf, distributions totaling $66,666.66 and kept $22,222.22 as his fee. Petitioner discharged McLemore as her attorney on May 4, 1964. The terms of the agreement were such that their fairness and reasonableness should be examined; the burden of proving that the agreement was fair and reasonable under the circumstances is on McLemore. He has not sustained it (*Matter of Schanzer*, 7 A D 2d 275, affd. 8 N Y 2d 972). His services were neither arduous nor extraordinary. Under the circumstances, in our opinion, the amount retained by him for his fee and thereafter approved by the Surrogate was excessive. Respondent Halpern replaced McLemore as petitioner's attorney. There is some indication in the record that he is still rendering service to petitioner in this estate. His fee was initially one third of all sums obtained from the estate, but was later reduced to one-fifth. He obtained for her stocks worth approximately $54,605 at the time they were distributed by the estate, of which he kept stocks worth approximately $18,205 as his fee. In addition to receiving distributions on his client's behalf, he worked with the executor's attorney to resolve the matter of the tax liabilities of the estate, accelerated the initiation of accounting proceedings and protected his client's interests therein. Such fixed agreement as he had with petitioner, however, was arrived at well after he began to work for her, under conditions which suggest an abuse of the trust and confidence created by the attorney-client relationship which then existed. Consequently, this court may examine the reasonableness of his fee (*Matter of Schanzer*, 7 A D 2d 275, affd. 8 N Y 2d 972, *supra*). Under the circumstances, in our opinion the amount retained by this attorney for his fee and thereafter approved by the Surrogate was excessive. Accordingly, we remit the entire proceeding to the Surrogate for a determination *de novo*. Incident to such determination, further hearings may be held and additional proof adduced by the respective parties. Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.