■ In the Matter of the Estate of VICTORIA J. GREENIDGE, Deceased. JAMES C. DALY, Appellant; NATIONAL AUDUBON SOCIETY et al., Respondents.—In a probate proceeding, the preliminary executor appeals from an order of the Surrogate's Court, Queens County (Laurino, S.), dated October 14, 1986, which denied his application for an extension of preliminary letters testamentary until counsel fees in the amount of $15,000, plus interest were repaid to the estate.

Ordered that the order is affirmed, with one bill of costs payable by the appellant personally.

Pursuant to SCPA 2110, the Surrogate was empowered to order a return of the counsel fees previously paid out without prior court approval. SCPA 2110 (3) provides that in the event that any attorney has already received or been paid an amount in excess of the fair value of his services, the court is authorized to direct him to refund the excess. Thus, the Surrogate retains jurisdiction to oversee counsel fees. In addition, while the statute clearly provides that a proper proceeding must be commenced before the court may fix counsel fees (see, SCPA 2110 [2]), no such proceeding was required to be instituted here since the court's order did not fix an amount of reasonable compensation, and the attorney, upon proper application, may seek to have his counsel fees determined.

We therefore conclude, on the facts of this case, that it was proper to condition the extension of the preliminary letters testamentary upon the return of the legal fees. Pursuant to SCPA 719 the court may make a decree suspending, modifying or revoking letters issued to a fiduciary by the court where the fiduciary has willfully refused or without good cause has neglected to obey any lawful direction of the court contained in any decree or order or any provision of law relating to the discharge of his duty (SCPA 711 [3]). It is beyond dispute that on August 28, 1986, the appellant and his attorney appeared before the Surrogate and were advised that the preliminary letters would not be extended unless $8,500 in legal fees were repaid to the estate. It also appears that in July 1986 the attorney had received an additional $6,500 in legal fees, and, despite ample opportunity, failed to so advise the Surrogate on that date. Thus, at the very least, the appellant was negligent in failing to make an attempt to have the counsel fees returned, and has failed to comply with a lawful court order.

Finally, while we recognize that under SCPA 1412 the court should exercise the power of removal sparingly and should nullify the testator's choice only upon a clear showing of serious misconduct (see, Matter of Vermilye, 101 AD2d 865; Matter of Farber, 98 AD2d 720), we note that in this case the appellant has not been permanently removed and may be restored to his former position as preliminary executor when the condition imposed has been met. For the foregoing reasons, we conclude that the Surrogate did not abuse his discretion.

We have reviewed the appellant's remaining contentions

and find them to be without merit. Mollen, P. J., Rubin, Kooper and Sullivan, JJ., concur.