■ In the Matter of the Estate of ALEXANDER NICASTRO, Deceased. DOROTHY NICASTRO, Individually and as Administratrix of the Estate of ALEXANDER NICASTRO, Deceased, et al., Appellants, v MARION PARK, as Executrix of FRED E. PARK, Deceased, et al., Respondents.—In an application, *inter alia,* for leave to compromise and settle a wrongful death claim arising out of the death of the petitioner's decedent Anthony Nicastro and for the judicial settlement of the administrator's account, Dorothy Nicastro and Gina Marie Nicastro appeal, as limited by their brief, from so much of a resettled order of the Surrogate's Court, Suffolk County (Brown, S.), dated January 10, 1991, as awarded their attorney only the sum of $4,500 from an attorneys' compensation fund established in a stipulation creating the structured settlement of the wrongful death action, and as denied their application to direct the petitioner's attorneys to pay them $1,498.40 in satisfaction of a judgment entered June 29, 1989, in their favor and against the decedent's estate.

Ordered that the resettled order is affirmed insofar as appealed from, with costs payable by the appellants personally.

Contrary to the appellants' contention, the Surrogate did not improvidently exercise his discretion in fixing the amount of compensation to which their attorney was entitled. It is settled law that the Surrogate bears the ultimate responsibility of deciding what constitutes reasonable legal compensation *(see, Matter of Phelan,* 173 AD2d 621; *Matter of Verplanck,* 151 AD2d 767), regardless of the existence of a retainer agreement *(see, Matter of Lanyi,* 147 AD2d 644), or whether all of the interested parties have consented to the amount of fees requested *(see, Matter of Van Hofe,* 145 AD2d 424). The evaluation of what constitutes reasonable counsel fees is a matter within the sound discretion of the court *(see, De Cabrera v Cabrera-Rosete,* 70 NY2d 879, 881), which is in a " 'far superior position to judge those factors integral to the fixing of counsel fees such as the time, effort and skill required' * * * and the review of contemporaneous time records" *(Lefkowitz v Van Ess,* 166 AD2d 556, quoting from *Shrauger v Shrauger,* 146 AD2d 955, 956). Applying these principles at bar, we are satisfied that the appellants' attorney was awarded fair and reasonable compensation.

We have examined the parties' remaining contentions and

find that they are without merit. Eiber, J. P., Ritter, Pizzuto and Santucci, JJ., concur.