■ In the Matter of the Estate of LUCILE M. STERN, Deceased. BABETTE S. HECHT et al., Appellants; DEBORAH E. HECHT, Re-

spondent, and WALTER F. BOTTGER, Guardian ad Litem. [643 NYS2d 395] —In consolidated proceedings for a trustee's accounting and for counsel fees pursuant to SCPA 2110, the petitioners Babette S. Hecht, Benjamin M. Cardozo and Deyan R. Brashich appeal, as limited by their brief, from so much of a decree of the Surrogate's Court, Westchester County (Emanuelli, S.), dated February 23, 1995, as, *inter alia,* (1) vacated a settlement agreement entered into by several of the parties to the proceedings, and (2) awarded counsel fees in the net amount of only $115,000.

Ordered that the decree is affirmed insofar as appealed from, with one bill of costs payable by the appellants personally.

Contrary to the respondents' contention, the appellant Babette S. Hecht is "aggrieved" within the meaning of CPLR 5511 and therefore has standing to prosecute the appeal from the vacatur of the settlement agreement into which she had entered. However, we discern no error by the Surrogate in rejecting that settlement in its entirety as violative of the law and contrary to the purpose and intent of the testamentary trust which it purported to terminate prematurely (*see generally, Matter of Camarda,* 133 AD2d 114), or in the court's fashioning of appropriate relief to the parties in the exercise of its broad discretionary powers (*see generally, Matter of Stortecky v Mazzone,* 85 NY2d 518). We note in this regard that the impropriety of the settlement agreement was not cured by the recent enactment of EPTL 7-1.13.

Furthermore, the Surrogate did not err in fixing the legal fees of the appellants Cardozo and Brashich. The Surrogate bears the ultimate responsibility to determine what constitutes reasonable compensation (*see, Matter of Verplanck,* 151 AD2d 767; *Matter of Von Hofe,* 145 AD2d 424), regardless of the existence of a fee agreement or the consent of all parties to the requested fee (*see, Matter of Stortecky v Mazzone, supra; Matter of Phelan,* 173 AD2d 621). Inasmuch as the record supports the findings of the Surrogate regarding the services rendered by and the conduct of the appellant attorneys, the court's determination as to counsel fees was proper (*see, Matter of Phelan, supra*). Balletta, J. P., Miller, Sullivan and Copertino, JJ., concur.