■ In the Matter of MICHAEL A. PEKOFSKY, Appellant, v ESTATE OF SALLY E. COHEN et al., Respondents. [686 NYS2d 837] —In a proceeding to fix attorney's fees, the appeal is from an order of the Surrogate's Court, Rockland County (Weiner, S.), dated August 22, 1997, which, after a hearing, fixed the attorney's fee of the attorney for the estate in an amount less than requested.

Ordered that the order is affirmed, with costs payable by the appellant personally.

It is well settled that the Surrogate bears the ultimate responsibility of deciding what constitutes a reasonable attorney's fee regardless of the existence of a retainer agreement (*see, Matter of Stern,* 227 AD2d 636; *Matter of Nicastro,* 186 AD2d 805; *Matter of Verplanck,* 151 AD2d 767). The evaluation of what constitutes a reasonable attorney's fee is a matter within the sound discretion of the Surrogate, who is in a " ' "far superior position to judge those factors integral to the fixing of counsel fees such as the time, effort and skill required" ' " (*Matter of Nicastro, supra,* at 805; *see also, Matter of McCann,* 236 AD2d 405). Although "[n]o hard and fast rule exists by which it can be determined what is reasonable compensation * * * in any given case" (*Matter of Stellis,* 216 AD2d 473, 474), factors which may be considered include the time spent, the difficulties involved in the matters in which the services were rendered, the nature of the services, the amount involved, the professional standing of the counsel, and the results obtained (*Matter of Freeman,* 34 NY2d 1, 9; *Matter of McCann, supra;* *Matter of Bobeck,* 196 AD2d 496). Considering all of these fac-

tors, as well as the fact that a portion of the services performed by the petitioner were executorial in nature (*see, Matter of Mingoia,* 212 AD2d 531; *Matter of Bobeck, supra*), the Surrogate did not improvidently exercise his discretion in awarding the petitioner a $4,000 attorney's fee from this modest estate.

The petitioner's remaining contentions are without merit. O'Brien, J. P., Joy, Krausman and Luciano, JJ., concur.