■ In the Matter of the Estate of Anna P. Gluck, Deceased. John K. McCauley, Respondent; Timothy W. Sullivan, P. C., et al., Appellants. [720 NYS2d 149] —In a proceeding pursuant to SCPA 2110 to fix an attorney's fee, the appeal, as limited by

the appellants' brief, is from so much of an order of the Surrogate's Court, Nassau County (Radigan, S.), dated January 12, 2000, as fixed the attorney's fee of Timothy W. Sullivan, P. C., and Timothy W. Sullivan at $3,000, and directed that all moneys paid to the appellants in excess of that amount be refunded to the estate, with interest.

Ordered that the order is affirmed insofar as appealed from, with costs payable by the appellants personally.

The determination of a reasonable attorney's fee in a matter concerning an estate is within the sound discretion of the Surrogate's Court (*see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881). The Surrogate is in the best position to assess the factors essential to fix an attorney's fee, such as the reasonable value of the time, effort, and skill required and actually expended (*see, Matter of Nicastro v Park,* 186 AD2d 805; *Lefkowitz v Van Ess,* 166 AD2d 556; *Shrauger v Shrauger,* 146 AD2d 955, 956). This authority rests with the Surrogate regardless of the terms of a retainer agreement (*see, Matter of Lanyi,* 147 AD2d 644) or any agreement between the interested parties consenting to the amount of compensation requested (*see, Matter of Von Hofe,* 145 AD2d 424; *see also, Matter of Phelan,* 173 AD2d 621; *Matter of Verplanck,* 151 AD2d 767). The appellants failed to demonstrate that the compensation awarded by the Surrogate was not reasonable, or that they were entitled to a higher fee. Therefore, the Surrogate's determination was a provident exercise of discretion (*see, Matter of Lanyi, supra*).

The appellants' remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Friedmann, H. Miller and Smith, JJ., concur.