■ In the Matter of the Estate of JOSEPH KLEIN, Deceased. EARL M. BUCCI, Appellant; RICHARD H. JACOBS, as Executor of JOSEPH KLEIN, Deceased, Respondent. [726 NYS2d 814] —Carpinello, J. Appeal from an order of the Surrogate's Court of Albany County (Marinelli, S.), entered August 8, 2000, which, in a proceeding pursuant to SCPA 2110, fixed the value of legal services.

On June 5, 1999, petitioner, an attorney, was in possession of decedent's last will and testament (the dispositive provisions of which consisted of half a page) when he was contacted by respondent, the designated executor, and retained to probate the will. There was no discussion about petitioner's legal fee at that time. Over the next several days, petitioner prepared a probate petition, affidavits of attesting witnesses, the requisite notices of probate and waivers of process to be signed by the distributees, *all* preprinted documents with spaces for the relevant information to be typed in. Petitioner also spent several hours personally visiting distributees in an effort to obtain executed waivers from them. Several days later, respondent

inquired for the first time about petitioner's fee and was informed that it would be a percentage of the estate's value.

Within days of this conversation, petitioner received a letter from another law firm advising him that it had been retained by respondent to represent the estate. This letter requested delivery of the will and any other executed probate documents in petitioner's possession. Petitioner responded by handwriting the following note on the bottom of the letter: "Upon receipt of $2,000 I'll turn the above requested over to you." Despite having been advised that respondent had retained new counsel in the matter, petitioner nevertheless "took it upon [him]self" to file the probate petition with Surrogate's Court (in which he identified himself as the attorney for the estate) to "protect both the estate and [him]self."

In this proceeding to recover counsel fees, petitioner seeks $5,000 for 20 hours of legal work that he allegedly performed. After a full day of hearing testimony, Surrogate's Court awarded petitioner $450. Petitioner appeals, and we now affirm.

On appeal from an order fixing the value of legal services rendered to an estate, this Court's review "is limited to determining whether the court abused its discretion" (*Matter of Guattery*, 278 AD2d 738, 739). The test then is to ascertain whether Surrogate's Court "[took] into account all of the various factors entitled to consideration" (*Matter of Greatsinger*, 67 NY2d 177, 182), factors which include the amount of time involved, the degree of difficulty of the matter and the extent of petitioner's experience (*see, Matter of Freeman*, 34 NY2d 1, 9). Although Surrogate's Court did not specifically discuss the weight it gave to each of the relevant factors in this case, its recognition and recitation of the factors identified in *Matter of Freeman* (*supra*) and our own review of the record demonstrates that its determination was not an abuse of discretion.

Mercure, J. P., Peters, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.