■ In the Matter of the Estate of PHILLIP TENDLER, Also Known as FINNY TENDLER, Deceased. SPANTON & PARSOFF, LLP, Nonparty Appellant; GERRI TENDLER, Nonparty Respondent. [784 NYS2d 604]—

In a proceeding pursuant to SCPA 2205 to compel an accounting, Spanton & Parsoff, LLP, appeals from an order of the Surrogate's Court, Nassau County (Riordan, S.), dated January 21, 2003, which granted that branch of its motion which was to fix an attorney's fee only to the extent of fixing the reasonable value of the services it rendered to its former client, Gerri Tendler at $5,000 and directed it to refund $8,095.57 to her.

Ordered that the order is affirmed, with costs payable personally by the appellant.

A surrogate bears the ultimate responsibility of deciding what constitutes a reasonable attorney's fee, regardless of the existence of a retainer agreement (*see Matter of Gluck,* 279 AD2d 575 [2001]; *Matter of Driscoll,* 273 AD2d 381 [2000]; *Matter of Pekofsky v Estate of Cohen,* 259 AD2d 702 [1999]; *Matter of Stern,* 227 AD2d 636 [1996]; *Matter of Vitole,* 215 AD2d 765 [1995]; *Matter of Nicastro,* 186 AD2d 805 [1992]). When called upon to fix the quantum meruit value of services of an attorney withdrawing from a matter for good and sufficient cause (*see Matter of Ehmer,* 272 AD2d 541 [2000]), a surrogate is not bound to accept at face value the attorney's summary of the hours spent working on the matter (*see Matter of Vitole, supra; Matter of Bobeck,* 196 AD2d 496 [1993]). The determination of what constitutes a reasonable attorney's fee is left to the sound discretion of the surrogate, "who is in a far superior position to judge those factors integral to the fixing of counsel fees, such as the time, effort, and skill required" (*Matter of Pekofsky v Estate of Cohen, supra* at 702 [internal quotation marks omitted]; *Matter of Nicastro, supra*).

Here, the Surrogate providently exercised his discretion in fixing the reasonable value of the services rendered to the appellant's former client at $5,000, and directing the refund of all moneys paid in excess of that amount, as the hours expended by the appellant on behalf of its former client were disproportionate to the results achieved (*see Matter of Gluck, supra; Matter of Bobeck, supra*).

The appellant's remaining contentions are without merit. Santucci, J.P., Schmidt, Adams and Skelos, JJ., concur.