■ In the Matter of the Estate of ELLEN PITERNIAK, Deceased. RUSS & RUSS, P.C., Respondent; ROBERT J. PITERNIAK, Appellant, et al., Respondents. [833 NYS2d 530]—

In a proceeding pursuant to SCPA 2110 to fix an attorney's fee, Robert J. Piterniak appeals from a decree and judgment (one paper) of the Surrogate's Court, Suffolk County (Czygier, S.), dated September 9, 2005, which, upon, inter alia, fixing the petitioner's attorney's fee in the sum of $97,810 and its disbursements in the sum of $5,011.11, and directing the executor of the estate of Ellen Piterniak to pay the sum of $87,821.11 to the petitioner from Robert J. Piterniak's share of the estate, is in favor of the petitioner and against Robert J. Piterniak in the principal sum of $87,821.11.

Ordered that the decree and judgment is modified, on the law, by deleting the fourth decretal paragraph thereof, without prejudice to the petitioner's right to seek such relief from the appellant as may be appropriate if the sums due to the petitioner cannot be satisfied from the estate; as so modified, the judgment and decree is affirmed, with one bill of costs to the appellant.

The petitioner attorney represented Robert J. Piterniak in the underlying proceeding to probate the last will and testament of Ellen Piterniak. Thus, the Surrogate's Court had jurisdiction to hear the petitioner's application to fix and determine its attorney's fees and recoverable disbursements for services rendered to Robert J. Piterniak in connection with that underly-

ing proceeding (*see* SCPA 2110 [1]; *Leder v Spiegel,* 31 AD3d 266 [2006]; *Matter of Levine,* 262 AD2d 80 [1999]).

The Surrogate's directive that the executor of the estate of Ellen Piterniak must pay, to the petitioner, such fees and recoverable disbursements from Robert J. Piterniak's share of the estate was proper (*see* SCPA 2110 [2]). The Surrogate bears the ultimate responsibility of deciding what constitutes reasonable legal fees, regardless of the existence of a retainer agreement (*Matter of Pekofsky v Estate of Cohen,* 259 AD2d 702 [1999]; *Matter of Schwartz,* 235 AD2d 482 [1997]; *Matter of Nicastro,* 186 AD2d 805 [1992]). The Surrogate is in the best position to assess and consider the necessary factors in fixing and determining an attorney's fee, such as the reasonable value time, effort and skill actually required and time expended (*see Matter of Freeman,* 34 NY2d 1; *Matter of Gluck,* 279 AD2d 575 [2001]; *Matter of Nicastro, supra*). Under the circumstances, we perceive no basis upon which to disturb the Surrogate's determination with respect to attorney's fees and recoverable disbursements.

However, the fourth decretal paragraph of the judgment and decree, in effect entering a money judgment for that sum in favor of the petitioner and against Robert J. Piterniak, improperly permitted the petitioner to obtain a double recovery of its fees and disbursements, and must be vacated, without prejudice to the petitioner's right to seek such relief from the appellant as may be appropriate if the sums due to the petitioner cannot be satisfied from the estate.

The appellant's remaining contentions are either unpreserved for appellate review or without merit. Schmidt, J.P., Skelos, Lifson and Covello, JJ., concur.