■ In the Matter of the Estate of MICHAEL SZKAMBARA, Deceased. ANNA BIDIAK, Appellant; OLEH N. DEKAJLO, Respondent. [860 NYS2d 914]—

In a proceeding pursuant to SCPA 2110 to fix an attorney's fee, Anna Bidiak appeals from so much of an order of the Surrogate's Court, Queens County (Nahman, S.), dated May 3, 2007, as confirmed so much of a referee's report as recommended that the fee for her attorney be fixed in the principal sum of $150,737.50.

Ordered that the order is affirmed, with costs.

The Surrogate bears the ultimate responsibility for deciding what constitutes a reasonable attorney's fee (*see Matter of Piterniak*, 38 AD3d 780, 781 [2007]; *Matter of Pekofsky v Estate of Cohen*, 259 AD2d 702 [1999]; *Matter of Stern*, 227 AD2d 636, 637 [1996]). The determination of what constitutes a reasonable attorney's fee is a matter within the sound discretion of the court (*see Matter of Gluck*, 279 AD2d 575, 576 [2001]; *Matter of Pekofsky v Estate of Cohen*, 259 AD2d 702 [1999]; *Matter of Nicastro*, 186 AD2d 805 [1992]). In evaluating what constitutes a reasonable attorney's fee, factors to be considered include the time and labor expended, the difficulty of the questions involved and the required skill to handle the problems presented, the attorney's experience, ability, and reputation, the amount

involved, the customary fee charged for such services, and the results obtained (*see Matter of Freeman*, 34 NY2d 1, 9 [1974]; *Matter of Pekofsky v Estate of Cohen*, 259 AD2d 702 [1999]; *Matter of Potts*, 213 App Div 59, 62 [1925]). The appellant failed to demonstrate that the compensation awarded by the Surrogate was not reasonable in light of the relevant factors. Therefore, the Surrogate's determination was a provident exercise of discretion (*see Matter of Gluck*, 279 AD2d at 576). Fisher, J.P., Carni, McCarthy and Belen, JJ., concur.