■ In the Matter of GONZALO ARCADIO MERO, Deceased. GO-DOSKY & GENTILE, P.C., Appellant; PUBLIC ADMINISTRATOR OF KINGS COUNTY, Respondent. [878 NYS2d 902]—In a proceeding to settle an account of the public administrator and set counsel fees pursuant to SCPA 2110, Godosky & Gentile, P.C., trial counsel to the Public Administrator of Kings County, appeals, on the ground of inadequacy, from so much of a decree and judgment (one paper) of the Surrogate's Court, Kings County (Lopez Torres, S.), dated May 19, 2008, as awarded it an attorney's fee in the principal sum of only $436,598.23.

Ordered that the decree and judgment is affirmed insofar as appealed from, with costs.

"[T]he Surrogate bears the ultimate responsibility of deciding what constitutes a reasonable attorney's fee" to be paid in an estate proceeding (*Matter of Szkambara,* 53 AD3d 502, 503 [2008]; *see Matter of Piterniak,* 38 AD3d 780, 781 [2007]; *Matter of Stern,* 227 AD2d 636 [1996]; *Matter of Bobeck,* 196 AD2d 496 [1993]). " '[T]he evaluation of what constitutes reasonable attorney's fees is a matter within the sound discretion of the Surrogate, who is in a "far superior position to judge those factors integral to the fixing of counsel fees such as the time, effort and skill required" ' " (*Matter of Drossos,* 26 AD3d 602-603, quoting *Matter of Pekofsky v Estate of Cohen,* 259 AD2d 702, 702 [1999]; *see Matter of Aaron,* 30 NY2d 718, 720 [1972]; *see also* SCPA 2110).

On the record before us, it cannot be said that the Surrogate's determination awarding an attorney's fee was an improvident exercise of her discretion (*see Matter of Freeman,* 34 NY2d 1, 9 [1974]; *Matter of Szkambara,* 53 AD3d at 503; *Matter of Jakobson,* 304 AD2d 579 [2003]). Spolzino, J.P., Fisher, Miller and Balkin, JJ., concur.