■ In the Matter of Estate of KEVIN JEAN HENRI PAUL MORMIN, Deceased. WEITZ & LUXENBERG, P.C., Nonparty Appellant; STEVEN CIVARDI, P.C., Nonparty Respondent. [886 NYS2d 479]—In a probate proceeding, in which a judicial settlement was sought, Weitz & Luxenberg, P.C., the current attorney for the parents of the deceased Kevin Jean Henri Paul Mormin appeals from a decree of the Surrogate's Court, Suffolk County (Czygier, S.), entered January 28, 2008, which directed it to pay

Stephen Civardi, P.C., the former attorney for the parents of the deceased Kevin Jean Henri Paul Mormin 20% of the gross attorney's fees earned from the settlement of the underlying action, among other things, to recover damages for the wrongful death of Kevin Jean Henri Paul Mormin.

Ordered that the decree is affirmed, with costs payable by Weitz & Luxenberg, P.C.

Where an attorney is discharged without cause, the attorney may recover in quantum meruit the reasonable value of the services rendered (see *Campagnola v Mulholland, Minion & Roe*, 76 NY2d 38, 44 [1990]; *Seth Rubenstein, P.C. v Ganea*, 41 AD3d 54, 60 [2007]; *Bruk v Albin*, 270 AD2d 441, 442 [2000]). "The determination of what constitutes a reasonable attorney's fee is left to the sound discretion of the surrogate, 'who is in a far superior position to judge those factors integral to the fixing of counsel fees, such as the time, effort, and skill required' " (*Matter of Tendler*, 12 AD3d 520, 521 [2004], quoting *Matter of Pekofsky v Estate of Cohen*, 259 AD2d 702, 702 [1999]; see *Clifford v Pierce*, 214 AD2d 697, 698 [1995]).

Here, contrary to the appellant's contention, the Surrogate's Court providently exercised its discretion in fixing the fee of Stephen Civardi, P.C., at the sum of $58,777.82, which was 20% of the total attorney's fee (see *Clifford v Pierce*, 214 AD2d at 698).

The appellant's remaining contentions are either without merit or not properly before this Court. Fisher, J.P., Balkin, Hall and Austin, JJ., concur.