In the Matter of NIGEL B. THOMPSON, Deceased. ROSANA E. THOMPSON, Appellant-Respondent; KREINDLER & KREINDLER et al., Respondents-Appellants. [888 NYS2d 127]—

In a proceeding for the administration of an estate, in which Rosana E. Thompson petitioned for a voluntary accounting pursuant to SCPA 2210 and to fix the attorney's fee of the objectants pursuant to SCPA 2110, the petitioner appeals from so much of a decree of the Surrogate's Court, Kings County (Lopez-Torres, S.), dated August 22, 2008, as, upon sustaining the objectants' second objection to her accounting, directed her to pay an attorney's fee in the reduced sum of $475,514.20 to the objectants, and the objectants cross-appeal, as limited by their notice of appeal and brief, from so much of the decree as limited their compensation to the sum of $475,514.20 and denied their request for an award of interest.

Ordered that the decree is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The decedent, Nigel B. Thompson, died in the September 11, 2001, attacks on the World Trade Center. At the time of his death, he was a partner at Cantor Fitzgerald, earning between $300,000 and $400,000 per year. The decedent was 33 years old at the time of his death. The decedent was survived by his wife of 10 months, Rosana E. Thompson (hereinafter the petitioner), and had no children.

In October 2003 the petitioner filed a claim with the Septem-

ber 11th Victim Compensation Fund (hereinafter the VCF) and ultimately received an award in the amount of $5,105,142. At issue in this proceeding is the reasonableness of the 10% contingency attorney's fee charged by Kreindler & Kreindler and Meaders, Duckworth & Moore (hereinafter the objectants), the law firms that assisted the petitioner in filing and presenting her claim to the VCF. We conclude that the Surrogate's Court did not improvidently exercise its discretion in determining that the contingency fee arrangement was reasonable under the circumstances.

"The determination of what constitutes reasonable attorney's fees is a matter 'within the sound discretion of the Surrogate, who is in a superior position to judge factors such as time, effort and skills required' " (*Matter of McCann*, 236 AD2d 405, 406 [1997], quoting *Matter of Papadogiannis*, 196 AD2d 871, 872 [1993]). "This authority rests with the Surrogate regardless of the terms of a retainer agreement" (*Matter of Gluck*, 279 AD2d 575, 576 [2001]; *see Matter of Lanyi*, 147 AD2d 644, 646-647 [1989]). The court should consider the following factors in reaching its determination: the "time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented; the lawyer's experience, ability and reputation; the amount involved and benefit resulting to the client from the services; the customary fee charged by the Bar for similar services; the contingency or certainty of compensation; the results obtained; and the responsibility involved" (*Matter of Freeman*, 34 NY2d 1, 9 [1974]). Contingency fee "agreements entered into between an attorney and his client, as a matter of public policy, are of special concern to courts. The burden of proving that the compensation agreement was reasonable rests with the attorney" (*Matter of Lanyi*, 147 AD2d at 647).

Here, although the 10% contingency fee was higher than the 5% suggested by the United States Department of Justice in the commentary accompanying the regulations implementing the VCF (*see* Supplementary Information to Interim Final Rule [66 Fed Reg 66280 (Dec. 21, 2001)]), and the objectants in this case "did not bear the risks that ordinarily justify contingency fees in conventional tort litigation" (*Matter of Gomez*, 5 Misc 3d 534, 537 [2004]), the Surrogate correctly concluded that the objectants "sought a contingency fee [which was] less than the average contingency for wrongful death claims which . . . ranges from 25% to 33% for non-medical malpractice actions." Indeed, by charging a lower than average contingency, the "retainers . . . appear to acknowledge . . . that counsel's undertaking was to be different in degree, if not in kind, from what it would have

been if the fee arrangement had contemplated the prosecution of a tort action" (*Matter of Gomez*, 5 Misc 3d at 537-538). Furthermore, the evidence supports the Surrogate's conclusion that the objectants' efforts and expertise contributed to the substantial size of the award, which exceeded the maximum presumptive award listed in the tables promulgated by the VCF by almost $1 million. In this regard, the objectants advised the petitioner to request a hearing before the VCF, during which they advocated on her behalf for an award in excess of the maximum presumptive amount, based on "extraordinary circumstances not adequately addressed by the presumptive award methodology" (28 CFR 104.31 [b] [2]). The objectants also prepared a report submitted to the VCF, highlighting the extraordinary circumstances of the case, and advocating for an award in excess of $9 million.

Accordingly, we decline to disturb the Surrogate's discretionary ruling that the contingency fee arrangement was reasonable under the circumstances.

The parties' remaining contentions are without merit. Fisher, J.P., Covello, Dickerson and Lott, JJ., concur.