■ In the Matter of the Application to Fix the Legal Fees of Counsel for Proponent of the Will of HOWARD C. WALLACE, Deceased. In the Matter of the Application to Release Funds in the Estate of HOWARD C. WALLACE, Deceased. HEINRICH J. ZIEGLER, Appellant, v McCALLION & ASSOCIATES LLP, Respondent, and BANK OF AMERICA, N.A., Successor by Merger to UNITED STATES TRUST COMPANY, N.A., Formerly Known as UNITED STATES TRUST COMPANY OF NEW YORK, Respondent. [893 NYS2d 15]—

The Surrogate's Court has broad discretion under SCPA 2110 to consider a wide range of factors in fixing attorneys' fees (*Matter of Tendler*, 12 AD3d 520, 521 [2004]; *Matter of Gluck*, 279 AD2d 575 [2001]; *see Matter of Sall*, 292 AD2d 195 [2002], *lv denied* 98 NY2d 606 [2002]). Additionally, on appeal from an order fixing the value of legal services, an award of counsel fees will not be disturbed unless it constitutes an abuse of discretion (*Matter of Patchin*, 106 AD2d 730 [1984]; *see also Matter of Klein*, 285 AD2d 718 [2001]). The test is to ascertain whether Surrogate's Court "[took] into account all of the various factors entitled to consideration" (*Matter of Greatsinger*, 67 NY2d 177, 181-182 [1986]; *see Matter of Piterniak*, 38 AD3d 780, 781 [2007]). The relevant factors, in turn, include the amount of time involved, the degree of difficulty of the matter in which services were rendered, the amount of money involved, the extent of the attorney's experience, and the results obtained (*see Matter of Freeman*, 34 NY2d 1, 9 [1974]; *Piterniak*, 38 AD3d at 781; *Gluck*, 279 AD2d at 576).

Here, Surrogate's Court had before it ample information with which to make a determination regarding the attorneys' fees, as the Surrogate had presided over the case from its inception, and therefore was well aware of the difficulty of the issues involved and the services rendered (*see Matter of Smith*, 131 AD2d 913, 915 [1987]). Indeed, as the Surrogate noted, the law firm obtained a favorable result for Ziegler despite the significant difficulties that the facts presented for his case presented.

With respect to the December 26, 2008 order, "[t]he general rule is that, where legal services have been rendered for the benefit of the estate as a whole, resulting in the enlargement of all the shares of all the estate beneficiaries, reasonable compensation should be granted from the funds of the estate" (*Matter of Kinzler*, 195 AD2d 464, 465 [1993]). However, where

the legal services rendered did not benefit the estate but benefitted only the individuals whom the attorney represented, the attorney must seek compensation from the clients individually (*Matter of Baxter [Gaynor]*, 196 AD2d 186, 190 [1994], *lv denied* 84 NY2d 808 [1994]).

Here, the law firm did not render services to the estate, but rather, to Ziegler, and the law firm's actions did not benefit the estate generally. Moreover, the record contains no suggestion that the law firm's efforts enlarged the estate for all the legatees (*see Matter of Ricca*, 55 AD3d 838, 839-840 [2008]; *Matter of Baxter [Gaynor]*, 196 AD2d at 190). As a result, the law firm must look to Ziegler, not to the estate, for the $300,000 awarded in the December 26, 2008 order. Concur—Andrias, J.P., Friedman, Acosta, DeGrasse and Román, JJ.