■ In the Matter of Jo D. TALBOT, Deceased. KAREN CULLIN, Appellant; JAMES SPIESS, Respondent. [922 NYS2d 552]—

In a probate proceeding in which Karen Cullin petitioned to fix and determine an attorney's fee pursuant to SCPA 2110, Karen Cullin appeals from an order of the Surrogate's Court, Suffolk County (Czygier, S.), dated March 17, 2010, which denied her petition to fix and determine the fee of her former attorney and granted her former attorney's cross motion for summary judgment dismissing the petition.

Ordered that the order is reversed, on the law, with costs, the petition to fix and determine the fee of the petitioner's former attorney is granted, and the cross motion for summary judgment dismissing the petition is denied.

The petitioner retained attorney James Spiess to represent her in a contested probate proceeding. Spiess agreed to represent the petitioner on a contingent fee basis pursuant to a written retainer agreement. About four weeks later, the probate proceeding was settled pursuant to a settlement agreement placed on the record in open court. Spiess received a $5,000 retainer and a $585,000 contingency fee for his services pursuant to the terms of the retainer agreement.

The petitioner sought to fix and determine Spiess's fee pursuant to SCPA 2110, and Spiess cross-moved for summary judgment dismissing the petition. The Surrogate's Court denied the petition and granted the cross motion.

The determination of what constitutes a reasonable attorney's fee is a matter within the sound discretion of the Surrogate's Court, which is in the best position to assess and consider the necessary factors in fixing and determining an attorney's fee (see Matter of Piterniak, 38 AD3d 780, 781 [2007]; Matter of Szkambara, 53 AD3d 502, 502 [2008]; Nicastro v Park, 186 AD2d 805, 805 [1992]). "In evaluating what constitutes a reasonable attorney's fee, factors to be considered include the time

and labor expended, the difficulty of the questions involved and the required skill to handle the problems presented, the attorney's experience, ability, and reputation, the amount involved, the customary fee charged for such services, and the results obtained" (*Matter of Szkambara*, 53 AD3d at 502-503; *see Matter of Freeman*, 34 NY2d 1, 9 [1974]).

In a proceeding pursuant to SCPA 2110 to fix and determine an attorney's fee, the Surrogate bears the ultimate responsibility of deciding what constitutes a reasonable legal fee, regardless of the existence of a retainer agreement or whether all of the interested parties have consented to the amount of fees requested (*see Matter of Piterniak*, 38 AD3d at 781; *Matter of Szkambara*, 53 AD3d at 502; *Nicastro v Park*, 186 AD2d at 805; *Matter of Gluck*, 279 AD2d 575, 576 [2001]). "Although contingent fee retainer agreements are not per se improper in matters involving the administration of estates . . . agreements entered into between an attorney and his client, as a matter of public policy, are of special concern to courts" (*Matter of Lanyi*, 147 AD2d 644, 647 [1989]; *see Matter of Thompson*, 66 AD3d 1035, 1036 [2009]; *Matter of Krulish*, 130 AD2d 959, 959 [1987]). The burden of proving that the retainer agreement was reasonable rests with the attorney (*see Matter of Thompson*, 66 AD3d at 1036; *Matter of Lanyi*, 147 AD2d at 647; *Matter of Krulish*, 130 AD2d at 959; *see also Matter of Gasco*, 27 AD2d 557, 558 [1966]; *Matter of Schanzer*, 7 AD2d 275, 277 [1959], *affd* 8 NY2d 972 [1960]).

In this case, although the Surrogate's Court properly considered whether the contingency fee retainer agreement was fraudulently or otherwise wrongfully procured, it nevertheless erred when it granted Spiess's cross motion for summary judgment without determining the reasonableness of his fee under the retainer agreement or otherwise fixing and determining his fee (*see Matter of Krulish*, 130 AD2d at 959; *cf. Matter of Thompson*, 66 AD3d at 1036; *Matter of Lanyi*, 147 AD2d at 647). Accordingly, the petition to fix and determine the fee should have been granted, the cross motion should have been denied, and the Surrogate's Court should fix and determine Spiess's fee after consideration of the relevant factors (*see Matter of Szkambara*, 53 AD3d at 502), and an evaluation of the reasonableness of the retainer agreement (*see Matter of Gasco*, 27 AD2d at 558).

This Court expresses no opinion as to the reasonableness of the retainer agreement. Skelos, J.P., Leventhal, Sgroi and Miller, JJ., concur.