■ In the Matter of RICARDO L. SUCHERON, Deceased. ROBERT ALAN SAASTO, Nonparty Appellant; CASSISI & CASSISI, P.C., Nonparty Respondent. [944 NYS2d 173]—

In a proceeding, inter alia, for judicial authorization to compromise and settle an action to recover damages for personal injuries and wrongful death, nonparty Robert Alan Saasto appeals, as limited by his brief, from (1) so much of a decree of the Surrogate's Court, Nassau County (Riordan, S.), entered October 21, 2010, as awarded him the sum of only $62,220.78, representing 65% of a net contingent attorney's fee, and awarded nonparty Cassisi & Cassisi, P.C., the sum of $33,503.50,

representing 35% of the net contingent attorney's fee, and (2) so much of an order of the same court (McCarty III, J.), dated February 23, 2011, as, upon reargument, adhered to so much of the decree as awarded him the sum of only $62,220.78, representing 65% of the net contingent attorney's fee and awarded nonparty Cassisi & Cassisi, P.C., the sum of $33,503.50, representing 35% of the net contingent attorney's fee.

Ordered that the decree is reversed insofar as appealed from, on the facts and in the exercise of discretion, nonparty Robert Alan Saasto is awarded 90% of the net contingent attorney's fee and nonparty Cassisi & Cassisi, P.C., is awarded 10% of the net contingent attorney's fee, the order is vacated, and the matter is remitted to the Surrogate's Court, Nassau County, for the entry of an amended decree in accordance herewith; and it is further,

Ordered that the appeal from the order is dismissed as academic in light of our determination on the appeal from the decree; and it is further,

Ordered that one bill of costs is awarded to the appellant.

After 56-year-old Ricardo L. Sucheron (hereinafter the decedent) was struck by a bus and killed on March 18, 2007, while riding his bicycle on Route 2 in Connecticut, his mother (hereinafter the petitioner) retained nonparty Cassisi & Cassisi, P.C. (hereinafter Cassisi), under a contingency fee agreement to represent her as the administrator of the decedent's estate.

Cassisi commenced an administration proceeding in the Surrogate's Court, Nassau County, and an action to recover damages for wrongful death and personal injuries in the same court against the bus company, its principal, and the operator of the bus (hereinafter collectively the defendants), all of whom were domiciled in Connecticut (hereinafter the Nassau County action).

On December 27, 2007, Cassisi obtained a settlement offer in the Nassau County action from the defendants' insurance company in the sum of $150,000, which Cassisi advised the petitioner to accept. As the accident report had yet to be obtained, the petitioner rejected the offer and on January 29, 2008, replaced Cassisi as her counsel with nonparty Robert Alan Saasto (hereinafter the appellant) under a similar contingency agreement.

After the Supreme Court granted the defendants' motion to dismiss the Nassau County action without prejudice on the ground of forum non conveniens, Saasto commenced an action seeking the same relief against the defendants in the New

London, Connecticut Superior Court (hereinafter the Connecticut action). On June 11, 2010, Saasto obtained a settlement offer from the defendants' insurance company in the sum of $300,000, which the petitioner accepted and presented to the Surrogate's Court for judicial approval, along with a request to fix the total amount of attorneys' fees in the sum of $96,541.39 and to apportion the fees between Cassisi and Saasto.

Notwithstanding that the Surrogate's Court has the "ultimate responsibility of deciding what constitutes reasonable legal compensation, regardless of the existence of a retainer agreement" (*Matter of Nicastro*, 186 AD2d 805, 805 [1992] [citation omitted]; *see Matter of Talbot*, 84 AD3d 967 [2011]; *Matter of Massey*, 73 AD3d 1179 [2010]; *Matter of Piterniak*, 38 AD3d 780, 781 [2007]), the award to Cassisi, which represented 35% of the net contingent attorney's fee, was an improvident exercise of discretion.

" 'In evaluating what constitutes a reasonable attorney's fee, factors to be considered include the time and labor expended, the difficulty of the questions involved and the required skill to handle the problems presented, the attorney's experience, ability, and reputation, the amount involved, the customary fee charged for such services, and the results obtained' " (*Matter of Talbot*, 84 AD3d at 967-968, quoting *Matter of Szkambara*, 53 AD3d 502, 502-503 [2008]; *see Matter of Freeman*, 34 NY2d 1, 9 [1974]; *Matter of Mero*, 62 AD3d 1003, 1004 [2009]).

In addition to commencing an administration proceeding in the Surrogate's Court, Cassisi commenced an action to recover damages for wrongful death and personal injuries in the Supreme Court, Nassau County, which resulted in a settlement offer of $150,000 from the defendants' insurance company two months later. After the petitioner retained Saasto in place of Cassisi, Saasto opposed the defendants' motion to dismiss the Nassau County action, commenced an action in the New London, Connecticut Superior Court after the Nassau County action was dismissed on the ground of forum non conveniens, interviewed and retained local counsel in Connecticut, regularly appeared in the Connecticut proceedings, conducted and defended extensive discovery, and retained an expert in accident reconstruction who investigated the accident scene and prepared a report. Saasto also prepared comprehensive submissions for court-ordered mediation in the Connecticut action, which he attended with the petitioner and her family, and interviewed the witness to the accident named in the police report and the Connecticut Medical Examiner.

Based on the foregoing evidence, which was amply supported

by the record, a reduction in the amount of the net contingent attorney's fee awarded to Cassisi from 35% to 10% is appropriate, with a corresponding increase in the amount awarded to Saasto from 65% to 90% (*see Matter of Bitzer*, 208 AD2d 723 [1994]).

Saasto's remaining contention is without merit. Skelos, J.P., Eng, Belen and Cohen, JJ., concur.