■ In the Matter of Jo D. Talbot, Deceased. Karen Cullin, Appellant; James Spiess, Respondent. [997 NYS2d 153]—

In a contested probate proceeding in which Karen Cullin petitioned to fix and determine an attorney's fee pursuant to SCPA 2110, Karen Cullin appeals from a decree of the Surrogate's Court, Suffolk County (Czygier, S.), dated November 1, 2012, which, upon an order of the same court dated September 11, 2012, made after a hearing, fixed and determined the attorney's fee in the amount requested by the attorney.

Ordered that the decree is affirmed, with costs paid personally by the appellant.

Karen Cullin retained James Spiess to represent her in a contested probate proceeding. The parties entered into a contingent fee agreement, pursuant to which Spiess agreed to represent Cullin for an initial retainer of $5,000 plus 33$\frac{1}{3}$% of any proceeds he would recover on her behalf, by settlement or trial, up to a maximum fee of $600,000. Just before Cullin was to be examined by potential objectants pursuant to SCPA 1404, Cullin directed Spiess to settle the probate proceeding as expeditiously as possible. Spiess negotiated a settlement providing, inter alia, for the propounded instrument, which primarily benefitted Cullin, to be admitted to probate in exchange for a minimal payment to the objectants. Speiss thereafter was paid, from estate funds, fees in the amount of $585,000.

Two years later, Cullin commenced this proceeding to fix and

determine the reasonable amount of Spiess's attorney's fee pursuant to SCPA 2110, arguing that the fee was excessive. In an order dated March 17, 2010, the Surrogate's Court denied the petition and granted Spiess's cross motion for summary judgment dismissing the petition. On Cullin's appeal from that order, this Court reversed the order, granted the petition, denied Spiess's cross motion, and directed the Surrogate's Court to fix and determine Spiess's fee after consideration of the relevant factors and an evaluation of the reasonableness of the retainer agreement (*see Matter of Talbot*, 84 AD3d 967 [2011]). Thereafter, the Surrogate found that the fee paid to Spiess was reasonable, and fixed and determined Spiess's attorney's fee in the amount $585,000 plus the initial retainer of $5,000.

"The Surrogate bears the ultimate responsibility of deciding what constitutes reasonable legal fees, regardless of the existence of a retainer agreement" (*Matter of Piterniak*, 38 AD3d 780, 781 [2007]; *see Matter of Talbot*, 84 AD3d at 967-968). "The Surrogate is in the best position to assess the factors essential to fix an attorney's fee, such as the reasonable value of the time, effort, and skill required and actually expended" (*Matter of Gluck*, 279 AD2d 575, 576 [2001]; *see Matter of Thompson*, 66 AD3d 1035, 1036 [2009]; *Matter of Piterniak*, 38 AD3d at 781).

Here, the evidence supports the Surrogate's conclusion that the fee paid to Spiess was reasonable in light of the difficulty of the issues involved, the favorable terms of the settlement to which Spiess's efforts and expertise contributed, and the significant risk that Spiess took that probate of the propounded instrument would be denied and that he would not earn any fees other than the initial retainer of $5,000 (*see generally Matter of Lawrence*, 24 NY3d 320, 335-337 [2014]). Under the circumstances, we perceive no basis upon which to disturb the Surrogate's determination with respect to Spiess's attorney's fee. Skelos, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.

Motion by the respondent on an appeal from a decree of the Surrogate's Court, Suffolk County, dated November 1, 2012, to strike points XII, XIII, and XIV of the appellant's reply brief on the ground that those portions of the reply brief refer to matter dehors the record and/or improperly raise additional issues for the first time on appeal. By decision and order on motion of this Court dated January 27, 2014, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers

filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion to strike points XII, XIII, and XIV of the appellant's reply brief is granted, and those portions of the reply brief are stricken and have not been considered in the determination of the appeal. Skelos, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.