■ In the Matter of Vincent J. Castellucci, Deceased. Laura Castellucci, Respondent; Ann S. Castellucci, as Co-Trustee of the Vincent J. Castellucci Irrevocable Trust Dated September 22, 1975, et al., Appellants. [47 NYS3d 74]—

In a probate proceeding in which Laura Castellucci petitioned pursuant to SCPA 2205 to compel a trust accounting, the cotrustees appeal (1) from an order of the Surrogate's Court, Westchester County (Scarpino, S.), dated July 10, 2014, which denied their motion to dismiss the petition for lack of standing, and (2), as limited by their brief, from so much of an order of the same court dated December 9, 2014, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated July 10, 2014, is dismissed, as that order was superseded by the order dated December 9, 2014, made upon reargument; and it is further,

Ordered that the order dated December 9, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the petitioner, payable by the Vincent J. Castellucci Irrevocable Trust.

The petitioner, Laura Castellucci, filed a petition for a compulsory trust accounting pursuant to SCPA 2205. She alleged that she was a beneficiary of the Vincent J. Castellucci Irrevocable Trust (hereinafter the Trust), which was created on September 22, 1975. The petitioner's mother, Ann S. Castellucci, and Allen J. Ross (hereinafter together the appellants), were cotrustees of the Trust. The petitioner alleged that no account had been filed by the appellants, and she sought to compel them to do so. After the petition was filed, Ann S. Castellucci exercised a power of appointment under the Trust which excluded the petitioner and her issue from the class of beneficiaries under the Trust. The appellants then moved to dismiss the petition, alleging that the petitioner now lacked standing to compel an accounting, having been divested due to her mother's exercise of the power of appointment. The Surrogate's Court denied the motion. The appellants moved for leave to reargue and the court granted leave. Upon reargument, it adhered, in relevant part, to its prior determination, determining that questions of fact existed as to whether there was an agreement to distribute the assets of the Trust which nullified the exercise of the power of appointment, and as to whether any Trust assets were distributed to the petitioner and her siblings pursuant to such agreement.

Contrary to the appellants' contention, the Surrogate's Court properly denied their motion to dismiss the petition for lack of standing. As the appellants made a pre-answer motion to dismiss on the ground that the petitioner lacked standing, the initial burden was on the appellants to establish, prima facie, the petitioner's lack of standing as a matter of law (*see U.S. Bank N.A. v Guy*, 125 AD3d 845, 847 [2015]; *J.P. Morgan Chase Bank, N.A. v Coleman*, 119 AD3d 841, 842 [2014]; *HSBC Mtge. Corp. [USA] v MacPherson*, 89 AD3d 1061, 1062 [2011]). The appellants met their initial burden by demonstrating that Ann S. Castellucci had exercised her power of appointment under the Trust. However, in opposition to the motion the petitioner's submissions raised questions of fact as to her standing (*see Deutsche Bank Trust Co. Ams. v Vitellas*, 131 AD3d 52, 59-60 [2015]; *U.S. Bank N.A. v Guy*, 125 AD3d at 847; *US Bank N.A. v Faruque*, 120 AD3d 575, 578 [2014]; *Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d 680, 683 [2012]). Specifically, the petitioner averred that the parties entered into an agreement to terminate the Trust and that distributions of Trust assets were made to her. Under these circumstances, the Surrogate's Court properly denied the motion to dismiss so that the parties could engage in discovery (*see* SCPA 103 [39]; 2205).

The appellants' remaining contentions, including that the

petition is time-barred, are without merit. Dillon, J.P., Hall, Hinds-Radix and Brathwaite Nelson, JJ., concur.