■ In the Matter of LOLA LINDER, Deceased. ANTHONY A. CARACCIOLO, Respondent; ALECIA INGBER, Appellant. [62 NYS3d 121]—

Appeal from an order of the Surrogate's Court, Kings County (Diana A. Johnson, S.), dated June 30, 2015. The order, insofar as appealed from, denied that branch of the appellant's motion which was pursuant to CPLR 3211 (a) to dismiss the petition.

Ordered that the order is affirmed insofar as appealed from, with costs.

The petitioner, Anthony A. Caracciolo, commenced this proceeding pursuant to SCPA 2110 to fix and determine the amount of an attorney's fee. The petition alleges that in 2005 the appellant hired William Thompson to represent her in a dispute between herself and her sister regarding their deceased mother's estate. Thompson in turn engaged the petitioner, who performed work on the case. The appellant failed to pay the petitioner's invoice for legal fees.

The appellant made a pre-answer motion, inter alia, pursuant to CPLR 3211 (a) to dismiss the proceeding, contending that the proceeding was barred by the statute of limitations, that the petitioner lacked standing to commence the proceeding, and based on documentary evidence. The Surrogate's Court denied the branch of the appellant's motion which was pursuant to CPLR 3211 (a) to dismiss the petition, and this appeal followed.

" 'On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (5) on statute of limitations grounds, the moving defendant must establish, prima facie, that the time in which to commence the action has expired' " (*Zaborowski v Local 74, Serv. Empls. Intl. Union, AFL-CIO*, 91 AD3d 768, 768-769 [2012], quoting *Baptiste v Harding-Marin*, 88 AD3d 752, 753 [2011]; *see Kitty Jie Yuan v 2368 W. 12th St., LLC*, 119 AD3d 674, 674 [2014]; *Matter of Schwartz*, 44 AD3d 779 [2007]). Here, the appellant failed to establish, prima facie, that the time in which to commence the proceeding had expired. The evidence submitted in support of the motion demonstrated that there were questions of fact as to when, and if, the petitioner's claim for attorney's fees accrued. Accordingly, the Surrogate's Court properly denied that branch of the appellant's motion which was to dismiss the petition pursuant to CPLR 3211 (a) (5).

"On a defendant's motion to dismiss the complaint based upon the plaintiff's alleged lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law" (*New York Community Bank v McClendon*, 138 AD3d 805, 806 [2016]; *see* CPLR 3211 [a] [3]; *Matter of Castellucci*, 147 AD3d 826, 827 [2017]). Here, the appellant contends that the petitioner did not have standing to commence this proceeding because she hired Thompson,

who in turn engaged the petitioner, so she was not in privy of contract with the petitioner. However, SCPA 2110 (2) states, in relevant part, that a proceeding to fix and determine the compensation of an attorney for services rendered "shall be instituted by petition of . . . an attorney who has rendered services" (SCPA 2110 [2]). The plain language of the statute therefore expressly contemplates that any attorney who renders legal services may seek compensation for those services (*see* SCPA 2110 [1]). Further, "[t]he Surrogate bears the ultimate responsibility of deciding what constitutes reasonable legal fees" (*Matter of Piterniak*, 38 AD3d 780, 781 [2007]; *see Matter of Talbot*, 84 AD3d 967, 967-968 [2011]), and "[a]n award of counsel fees and expenses is 'dependent upon a finding that [counsel's] services were necessary and beneficial to the estate' " (*Matter of Ajala*, 117 AD3d 550, 550 [2014], quoting *Matter of Hofmann*, 284 AD2d 92, 95 [2001]; *see Matter of Berlin*, 135 AD3d 746 [2016]; *Matter of Pelgram*, 239 App Div 18, 20-21 [1933]). Therefore, the Surrogate's Court properly denied that branch of the appellant's motion which was to dismiss the petition pursuant to CPLR 3211 (a) (3).

Finally, on a motion pursuant to CPLR 3211 (a) (1) to dismiss a petition based on documentary evidence, "the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Gould v Decolator*, 121 AD3d 845, 847 [2014]; *see Leon v Martinez*, 84 NY2d 83, 88 [1994]; *T. Mina Supply, Inc. v Clemente Bros. Contr. Corp.*, 139 AD3d 1040, 1041 [2016]; *Matter of Walker*, 117 AD3d 838, 839 [2014]; *Lucia v Goldman*, 68 AD3d 1064, 1065 [2009]). As noted above, "[t]he Surrogate bears the ultimate responsibility of deciding what constitutes reasonable legal fees, regardless of the existence of a retainer agreement" (*Matter of Piterniak*, 38 AD3d at 781; *see Matter of Talbot*, 84 AD3d at 967-968). "The Surrogate is in the best position to assess the factors essential to fix an attorney's fee, such as the reasonable value of the time, effort, and skill required and actually expended" (*Matter of Gluck*, 279 AD2d 575, 576 [2001]; *see Matter of Talbot*, 122 AD3d 867, 868 [2014]; *Matter of Thompson*, 66 AD3d 1035, 1036 [2009]; *Matter of Piterniak*, 38 AD3d at 781). Here, the documentary evidence submitted by the appellant did not utterly refute the factual allegations in the petition or conclusively establish a defense as a matter of law. Therefore, the Surrogate's Court properly denied that branch of the appellant's motion which was to dismiss the petition pursuant to CPLR 3211 (a) (1). Roman, J.P., Cohen, Miller and Barros, JJ., concur.