Matter of Williams (2019 NY Slip Op 00133)





Matter of Williams


2019 NY Slip Op 00133


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-11312
 (Index No. 5594/83)

[*1]In the Matter of Winnie Williams, deceased. Leander Lewis, petitioner-respondent; Steve Okenwa, respondent-appellant, et al., respondent.


C. Steve Okenwa, P.C., New York, NY, for respondent-appellant.



DECISION & ORDER
In a probate proceeding in which Leander Lewis petitioned pursuant to SCPA 2110 to fix and determine an attorney's fee, Steve Okenwa appeals from an order of the Surrogate's Court, Kings County (John Ingram, A.S.), dated July 24, 2017. The order, insofar as appealed from, denied that branch of Steve Okenwa's motion which was pursuant to CPLR 3211(a)(7) to dismiss the petition, and granted Leander Lewis's cross motion for an award of an attorney's fee based upon frivolous conduct pursuant to 22 NYCRR 130-1.1.
ORDERED that the order is affirmed insofar as appealed from, with costs.
"In a proceeding pursuant to SCPA 2110 to fix and determine an attorney's fee, the Surrogate bears the ultimate responsibility of deciding what constitutes a reasonable legal fee, regardless of the existence of a retainer agreement or whether all of the interested parties have consented to the amount of fees requested" (Matter of Talbot, 84 AD3d 967, 968; see Matter of Linder, 153 AD3d 1343, 1345; Matter of Thompson, 66 AD3d 1035, 1036; Matter of Piterniak, 38 AD3d 780, 781). The Surrogate is further "empowered to order a return of the counsel fees previously paid out without prior court approval" (Matter of Greenidge, 134 AD2d 592, 593). SCPA 2110(3) provides that in the event that any attorney has already been paid an amount "in excess of the fair value of his [or her] services as thus determined, the court is authorized to direct him [or her] to refund the excess" (see Matter of Askin, 113 AD3d 72, 77; Matter of Greenidge, 134 AD2d at 593; Matter of Krulish, 130 AD2d 959, 959).
Here, the Surrogate's Court was empowered under SCPA 2110(3) to fix and determine the amount of an attorney's fee, and to direct attorney Steve Okenwa (hereinafter the appellant) to refund any amount that it determined to be in excess of the fair value of the services rendered (see Matter of Askin, 113 AD3d at 77). Contrary to the appellant's contention, SCPA 2110(3) does not require that the petition contain an allegation that the fees paid were excessive. Accordingly, we agree with the court's denial of that branch of the appellant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the petition for failure to state a cause of action.
Furthermore, the Surrogate's Court providently exercised its discretion in determining that the appellant's motion was frivolous within the meaning of 22 NYCRR 130-1.1, and in awarding an attorney's fee to the petitioner, Leander Lewis. In this regard, the court determined that the appellant continued to engage in frivolous conduct even after he was made aware of the lack of [*2]a legal basis for his actions.
DILLON, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court