Matter of Burton B. Brous Revocable Trust (2021 NY Slip Op 01764)





Matter of Burton B. Brous Revocable Trust


2021 NY Slip Op 01764


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-06931

[*1]In the Matter of Burton B. Brous Revocable Trust. Peter A. Eisenberg, petitioner-respondent; Susan McGuire Brous, respondent-respondent; Burton B. Brous, objectant-appellant. (File No. 3788/13)


Burton B. Brous, Springfield, New Jersey, objectant-appellant pro se.
Bryan Cave Leighton Paisner LLP, New York, NY (David P. Kasakove, Karin J. Barkhorn, and Ashley Reicher of counsel), for petitioner-respondent.



DECISION & ORDER
In a proceeding, inter alia, to judicially settle an account, the objectant Burton B. Brous appeals from an amended interim decree of the Surrogate's Court, Suffolk County (John M. Czygier, S.), dated May 24, 2018. The amended interim decree, upon a decision of the same court dated April 25, 2018, made after a hearing, among other things, denied an objection to the account to the extent that it granted the petitioner's application for an award of legal fees in the sum of $482,072.16.
ORDERED that the amended interim decree is affirmed, with costs.
In June 1998, the now-deceased grantor, Burton B. Brous (hereinafter the grantor), created a revocable trust. From the inception of the trust, nonparty Bryan Cave Leighton Paisner LLP (hereinafter Bryan Cave) provided legal services with respect to the trust. Upon the death of the grantor in 2012, Peter A. Eisenberg became the sole trustee of the trust and he continued to retain Bryan Cave to oversee the trust's administration. Eisenberg filed a petition dated December 14, 2015, to judicially settle the final account and Burton B. Brous, Jr. (hereinafter the appellant), named herein as Burton B. Brous, a residuary beneficiary, filed objections, including to the payment of legal fees to Bryan Cave.
"The Surrogate bears the ultimate responsibility for deciding what constitutes a reasonable attorney's fee" (Matter of Szkambara, 53 AD3d 502, 502). Here, it cannot be said that the Surrogate's determination was an improvident exercise of discretion.
The appellant's remaining contentions are without merit.
HINDS-RADIX, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court