■ CHRISTINE's SHOES CORP., Plaintiff, v 251 MAIN STREET CORPORATION, Defendant. (Matter No. 1.) In the Matter of 251 MAIN STREET CORPORATION, Appellant, v CHRISTINE's SHOES CORP., Respondent. (Matter No. 2.) [701 NYS2d 438] —In an action, *inter alia,* to enjoin the defendant, 251 Main Street Corporation, from performing renovations at the plaintiff's leased premises and a holdover proceeding commenced by 251 Main Street Corporation, which were joined for trial, 251 Main Street Corporation appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated April 1, 1998, as denied that branch of its motion which was for summary judgment in the holdover proceeding.

Ordered that the order is affirmed insofar as appealed from, with costs.

Although the landlord had a right to perform renovations at the commercial tenant's premises pursuant to the terms of the lease at issue, it did not have the right to perform those renovations without regard for the tenant's retail business. Therefore, whether the tenant allowed the construction workers reasonable access to the leasehold estate is a question of fact which must be resolved by the trier of fact (*see, Zuckerman v City of New York,* 49 NY2d 557). Moreover, contrary to the landlord's contention, the denial of the tenant's application for a preliminary injunction was not a determination on the merits that the tenant had defaulted under the lease (*see, Preston Corp. v Fabrication Enters.,* 68 NY2d 397). The tenant's failure to seek a *Yellowstone* injunction deprives it of the opportunity to cure a default if the trier of fact determines that a default occurred, since the 10-day notice to cure period was not tolled (*see, First Natl. Stores v Yellowstone Shopping Ctr.,* 21 NY2d 630). There is still a question of fact, however, as to whether a default occurred. Accordingly, the trial court properly denied that branch of the landlord's motion which was for summary judgment in the holdover proceeding. Bracken, J. P., Joy, Goldstein and Florio, JJ., concur.