■ In the Matter of the Estate of ANDREAS DROSSOS, Also Known as ANDREW DROSSOS, Deceased. ANGELOS P. ROMAS, Appellant; PATRICE McDERMAND et al., Respondents. [808 NYS2d 837]—

Mercure, J. Appeal from an order of the Surrogate's Court of Broome County (Peckham, S.), entered September 20, 2004, which, inter alia, set the reasonable value of legal services rendered by petitioner.

Petitioner is the attorney for George Shamulka, the executor of decedent's will. Respondents, the beneficiaries of the estate, filed objections to the amounts paid and proposed to be paid to petitioner in Shamulka's accounting. Petitioner sought an order in Surrogate's Court fixing counsel fees and disbursements in excess of $150,000 for services rendered from 1981 to 2004, and for reimbursement of a loan in the amount of $5,884.84 made to decedent's estate in 1983. The parties entered into a stipulation pursuant to which respondents withdrew their objection to repayment of the loan but maintained their objections as to the payment of interest on the loan and petitioner's claim for counsel fees. Following a trial, Surrogate's Court awarded petitioner $10,000 in counsel fees and approximately $2,000 in disbursements, but ordered him to reimburse the estate for excess fees paid to him in the amount of $25,679.28. Petitioner appeals and we now affirm the award of counsel fees, but reverse that portion of the court's order denying repayment of the principal of the loan.

It is well settled that "[t]he evaluation of what constitutes a reasonable attorney's fee is a matter within the sound discretion of the Surrogate, who is in a 'far superior position to judge those factors integral to the fixing of counsel fees such as the

time, effort and skill required' " (*Matter of Pekofsky v Estate of Cohen*, 259 AD2d 702, 702 [1999], quoting *Matter of Nicastro*, 186 AD2d 805, 805 [1992] [internal quotation marks and citations omitted]; *see Matter of Aaron*, 30 NY2d 718, 719-720 [1972]). Relevant factors to be considered include the time required, the difficulties involved, the nature of the services provided, the amount involved, the professional standing and ability of counsel, and the results obtained (*see Matter of Freeman*, 34 NY2d 1, 9 [1974]; *Matter of Pekofsky v Estate of Cohen, supra* at 702; *Matter of Potts*, 213 App Div 59, 62 [1925], *affd* 241 NY 593 [1925]). Moreover, Surrogate's Court is not obligated to accept the petitioner's summary of the time spent and it is the petitioner who bears the burden of demonstrating the reasonable value of services (*see Matter of Middagh*, 267 AD2d 593, 594 [1999]; *Matter of Bobeck*, 196 AD2d 496, 497 [1993]).

Here, petitioner indicates that he represented Shamulka informally until 1981 when he was formally retained to represent the estate, which was allegedly bankrupt with tax liens, pending foreclosures and a judgment against it as a result of mismanagement by decedent's widow, who acted as administrator of the estate prior to the filing of the will. He asserts that the estate remained bankrupt until 2002 when he settled tax liabilities that had accumulated to approximately $1 million— nearly the gross value of the estate. As Surrogate's Court concluded in a detailed analysis of these liabilities, however, the penalties and interest accumulated primarily due to petitioner's neglect in resolving the tax liabilities in a timely fashion after he was retained. Moreover, petitioner failed to establish that the services he provided were not executorial in nature or overlapping with those of three other attorneys who have been paid approximately $50,000 in fees in connection with this matter. Finally, petitioner did not meet his burden of establishing the actual amount of time spent on the services rendered, with much of the submitted time records being in complete disarray. Under these circumstances and in light of the minimal overall benefit obtained for the estate during the 25-year period of petitioner's involvement therewith, we cannot say that the fee award of $10,000 was an improvident exercise of discretion (*see Matter of Pekofsky v Estate of Cohen, supra* at 702-703; *Matter of Bobeck, supra* at 497-498; *cf. Matter of Wilhelm*, 88 AD2d 6, 12-14 [1982]).

Turning to the $5,884.84 loan that petitioner made to the estate in 1983, we agree with Surrogate's Court that petitioner may not maintain a cause of action for repayment of either the principal or interest thereon for the reasons stated in that

court's decision. Nevertheless, the parties unambiguously stipulated in open court on July 19, 2004 to repayment of the $5,884.84 principal only and respondents do not dispute the validity of the stipulation. Nor do respondents make any argument that the stipulation should be disturbed due to fraud, collusion, mistake, duress, or that the stipulation is unconscionable or contrary to public policy (*see McCoy v Feinman*, 99 NY2d 295, 302 [2002]). Accordingly, the stipulation is binding on the parties and petitioner is entitled to repayment of the principal of the loan, without interest (*see* CPLR 2104; *McCoy v Feinman, supra* at 302).

We have considered petitioner's remaining contentions and conclude that they are without merit.

Cardona, P.J., Crew III and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by granting petitioner repayment of a $5,884.84 loan in accordance with the parties' stipulation entered in open court; and, as so modified, affirmed.