■ RUBIN STERNGASS, Appellant, v TOWN BOARD OF TOWN OF CLARKSTOWN et al., Respondents. [813 NYS2d 113]—

In an action pursuant to CPLR 5104 to hold the defendants in contempt for allegedly failing to comply with an order of the Supreme Court, Rockland County (Walsh, Jr., J.), in a prior proceeding entitled *Matter of Town Board of Town of Clarkstown v Sterngass,* index No. 2629/72, the plaintiff appeals from an order of the same court (O'Rourke, J.), dated May 26, 2004, which granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action. "To sustain a finding of civil contempt based upon a violation of a court order, it is necessary to establish that a lawful court order clearly expressing an unequivocal mandate was in effect and the person alleged to have violated the order had actual knowledge of its terms" (*Ottomanelli v Ottomanelli,* 17 AD3d 647, 648 [2005], quoting *Kawar v Kawar,* 231 AD2d 681, 682 [1996]; *see McCain v Dinkins,* 84 NY2d 216, 226 [1994]; *Matter of McCormick v Axelrod,* 59 NY2d 574, 583 [1983]; Judiciary Law

§ 753 [A]). There is no unequivocal mandate in the court order which forms the basis of this action directing the defendants to apply the 1939 Town Zoning Ordinance to the subject property or to issue the plaintiff a building permit which could give rise to a contempt proceeding (*see Ottomanelli v Ottomanelli, supra*). Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.