■ KARL KING et al., Respondents, v KENNETH KING, Appellant. [812 NYS2d 872]—Order, Supreme Court, New York County (Marilyn B. Dershowitz, Special Referee), entered May 17, 2004, which granted defendant an adjournment on condition defendant pay $2,500 in counsel fees and costs, and after a hearing that determined defendant had collected over $270,000 in rent during the accounting period and was entitled to a credit of $30,934.05 resulting in a $236,180.95 charge upon his share of the proceeds from the sale of the subject property, and further determined that plaintiffs had expended $90,401.33 for the benefit of the property and received only $74,224 in rent resulting in a $16,177.33 credit due them upon the sale of the property; and order, same court (Charles Tejada, J.), entered June 7, 2005, which, to the extent appealable, denied defendant's cross motion to renew the decision of the Special Referee, unanimously modified, on the law, the facts and in the exercise of discretion, to vacate the $2,500 penalty imposed upon defendant, and otherwise affirmed, without costs.

In this action for partition of real property and an accounting, the Referee's order properly stated the facts upon which the decision was based (CPLR 4213 [b]; 4319), and the findings should not be disturbed, as they are substantiated by the record (*Poster v Poster*, 4 AD3d 145 [2004], *lv denied* 3 NY3d 605 [2004]). A review of the record reveals no evidence of bias on the part of the Referee.

Defendant's cross motion to renew was properly denied since nothing presented would be considered newly discovered evidence. Furthermore, sanctions are not warranted herein.

We modify only to vacate the $2,500 penalty imposed upon defendant as unwarranted under the circumstances presented.

We have considered defendant's remaining arguments and find them without merit. Concur—Mazzarelli, J.P., Friedman, Marlow, Sullivan and Catterson, JJ.