■ NADINE JEAN et al., Respondents, v LUCAS JOSEPH, Respondent-Appellant, GREENPOINT SAVINGS BANK, Appellant-Respondent, et al., Defendants. [838 NYS2d 780]—

In an action to cancel three deeds and all mortgages of record affecting the subject property from 1986 to the present, (1) the defendant GreenPoint Savings Bank appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Johnson, J.), dated May 12, 2006, as denied that branch of its cross motion which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint, and the cross claim by the defendant Lucas Joseph, insofar as asserted against it, and (2) the defendant Lucas Joseph cross-appeals, as limited by his brief, from so much of the same order as denied that branch of his motion which was for summary judgment declaring that he is the sole owner of the subject property and cancelling the notice of pendency filed by the plaintiffs.

Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the cross motion of the defendant GreenPoint Savings Bank which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint, and the cross claim by the defendant Lucas Joseph, insofar as asserted against it is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the plaintiffs are awarded one bill of costs payable by the defendant Lucas Joseph, and the defendant GreenPoint Savings Bank is awarded one bill of costs payable by the plaintiffs.

Contrary to the contention of the defendant Lucas Joseph, he failed to establish, prima facie, his status as a bona fide purchaser for value entitled to the protection of the recording statute (*see* Real Property Law § 291). Accordingly, the Supreme Court properly denied that branch of his motion which was for summary judgment (*see Ayotte v Gervasio*, 81 NY2d 1062 [1993]).

The complaint does not state a cause of action against the defendant GreenPoint Savings Bank (hereinafter GreenPoint), whose only interest in the subject premises, as mortgagee, was assigned in 1995 to the defendant John Walsh. Under these circumstances, and contrary to the plaintiffs' contentions, the complaint insofar as asserted against GreenPoint, which is not a necessary party to this action (*see* CPLR 1001; *Cardtronics, LP v St. Nicholas Beverage Discount Ctr., Inc.*, 8 AD3d 419 [2004]), should have been dismissed.

Similarly, Lucas Joseph failed to plead any evidentiary facts which, if proven, could support the existence of any duty owed to him by GreenPoint (*cf. Parrott v Coopers & Lybrand*, 95 NY2d 479, 483-484 [2000]). Accordingly, his cross claim, to the extent asserted against GreenPoint, should have been dismissed (*see* CPLR 3211 [a] [7]).

Lucas Joseph's contentions that this action is precluded by CPLR 212 (a) or that the plaintiffs are barred by equitable estoppel or laches are not properly before us because they are raised for the first time on appeal (*see Triantafillopoulos v Sala Corp.*, 39 AD3d 740 [2007]; *Matter of D.I.S. LLC, v Sagos*, 38 AD3d 543 [2007]). Similarly, his claim that the action is barred by RPAPL 341, which was raised for the first time in his reply papers and was not addressed by the court in its order, is not properly before us (*see Hoyte v Epstein*, 12 AD3d 487, 488 [2004]; *Jackson-Cutler v Long*, 2 AD3d 590 [2003]). We express no view on these matters.

The parties' remaining contentions are without merit. Ritter, J.P., Goldstein, Fisher and Balkin, JJ., concur.