■ Peter (Petros) Gouvis, Appellant, v Stylianos Gouvis, Also Known as Stephen Gouvis, et al, Defendants, and Ameriquest Mortgage Company, Respondent. [843 NYS2d 643]—

In an action, inter alia, pursuant to RPAPL 1953 to compel the reconveyance of certain real property, the plaintiff appeals from so much of a judgment of the Supreme Court, Orange County (Horowitz, J.), dated June 15, 2006, as, after a nonjury trial, directed that the reconveyance be made subject to an existing mortgage on the property held by the defendant Ameriquest Mortgage Company.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contentions, a strict construction of the deed provision at issue (*see generally Trustees of Calvary Presbyt. Church v Putnam*, 249 NY 111, 115 [1928]; *Matter of Gaffers*, 254 App Div 448, 452-453 [1938]) and considerations of equity (*see* RPAPL 1953 [3]) amply support the trial court's conclusion that the violation of the provision should not serve to invalidate the mortgage held by the defendant Ameriquest Mortgage Company. Accordingly, the trial court providently exercised its discretion in making the reconveyance of the property subject to the mortgage.

The plaintiff's contention that the Supreme Court violated its obligation under CPLR 4213 (b) is without merit, since the decision dated April 26, 2006 set forth the essential facts and was sufficient to facilitate appellate review (*see Kaywood Props., Ltd. v Glover*, 34 AD3d 645, 646 [2006]; *Matter of Perez v Hughes*, 33 AD3d 1008 [2006]; *King v King*, 28 AD3d 398, 399 [2006]).

The plaintiff's remaining contention is improperly raised for the first time on appeal (*see Jean v Joseph*, 41 AD3d 657 [2007]; *Vera v Soohoo*, 41 AD3d 586 [2007]; *Triantafillopoulos v Sala Corp.*, 39 AD3d 740 [2007]). Schmidt, J.P., Rivera, Krausman and Florio, JJ., concur.