In the Matter of the Estate of ELEANOR E. GOLIGER, Deceased. DAVID GOLIGER, Respondent, v DONNA M. GOLIGER, Respondent. ANNE F. PIZZO, Nonparty Appellant. [871 NYS2d 689]—

In a proceeding, in effect, pursuant to SCPA 2205 to compel an estate accounting, Anne F. Pizzo, the attorney for the former executor of the estate, appeals, as limited by her brief, from so much of a decree of the Surrogate's Court, Nassau County (Riordan, S.), dated February 1, 2007, as, upon a decision of the same court dated June 2, 2006, in effect, fixed the reasonable value of the services she rendered to the executor at the sum of $25,000 and directed that she refund the sum of $144,277.59 to the estate.

Ordered that the decree is affirmed insofar as appealed from, with costs payable by the nonparty appellant.

The Surrogate's Court bears the ultimate responsibility for deciding what constitutes a reasonable attorney's fee, and the evaluation of what constitutes a reasonable attorney's fee is a matter within the sound discretion of the court (*see Matter of Katz,* 55 AD3d 836 [2008]; *Matter of Szkambara,* 53 AD3d 502 [2008]; *Matter of Piterniak,* 38 AD3d 780, 781 [2007]). "In evaluating what constitutes a reasonable attorney's fee, factors to be considered include the time and labor expended, the difficulty of the questions involved and the required skill to handle the problems presented, the attorney's experience, ability, and reputation, the amount involved, the customary fee charged for such services, and the results obtained" (*Matter of Szkambara,*

53 AD3d 502, 503 [2008]; *see Matter of Freeman,* 34 NY2d 1, 9 [1974]).

Here, the Surrogate providently exercised his discretion in fixing the reasonable value of the services rendered by the appellant to the former executor of the estate at the sum of $25,000, and in directing the refund of the sum of $144,277.59, in consideration of the hours expended by the appellant, the size of the estate, the issues involved, and results achieved (*see Matter of Drossos,* 26 AD3d 602, 603 [2006]; *Matter of Tendler,* 12 AD3d 520, 521 [2004]; *Matter of Bobeck,* 196 AD2d 496, 497-498 [1993]). Mastro, J.P., Miller, Carni and Chambers, JJ., concur.