■ In the Matter of the Estate of ANGELA MASSEY, Deceased. RUSSO, FOX & KARL, Nonparty Appellant; GEORGE MASSEY et al., Respondents. [900 NYS2d 892]—In an administration proceeding in which the Public Administrator petitioned to judicially settle the account, nonparty Russo, Fox & Karl appeals from so much of an order of the Surrogate's Court, Nassau County (Riordan, S.), dated May 29, 2009, as, upon granting that branch of the petition which was to fix and determine the attorney's fee pertaining to legal services it provided to the former administrator of the estate of Angela Massey, awarded it the sum of only $5,000, and directed it to refund all sums paid in excess of that amount to the estate.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

"The Surrogate's Court bears the ultimate responsibility for deciding what constitutes a reasonable attorney's fee, and the evaluation of what constitutes a reasonable attorney's fee is a matter within the sound discretion of the court" (Matter of Goliger, 58 AD3d 732, 732 [2009]; see Matter of Katz, 55 AD3d 836, 837 [2008]). Furthermore, "[i]n evaluating what constitutes a reasonable attorney's fee, factors to be considered include the time and labor expended, the difficulty of the questions involved and the required skill to handle the problems presented, the attorney's experience, ability, and reputation, the amount involved, the customary fee charged for such services, and the results obtained" (Matter of Goliger, 58 AD3d at 732 [internal quotation marks omitted]; see Matter of Freeman, 34

NY2d 1, 9 [1974]; *Matter of Potts,* 123 Misc 346 [1924], *affd* 213 App Div 59 [1925], *affd* 241 NY 593 [1925]).

In this case, contrary to the appellant's contention, the Surrogate's Court did not improvidently exercise its discretion in awarding it an attorney's fee in the sum of $5,000, and in directing it to refund all sums paid in excess of that amount to the estate (*see Matter of Goliger,* 58 AD3d at 733; *Matter of Tendler,* 12 AD3d 520, 521 [2004]).

The appellant's remaining contentions are without merit. Rivera, J.P., Fisher, Florio and Austin, JJ., concur.