■ In the Matter of SAM HARRISON, Deceased. GERALD N. DAFFNER, Nonparty Appellant. [988 NYS2d 896]—

In a proceeding to judicially settle an account, the nonparty Gerald N. Daffner appeals, as limited by his notice of appeal and brief, (1) from so much of an order of the Surrogate's Court, Nassau County (McCarty III, S.), dated December 17, 2012, as fixed the reasonable value of the legal services provided to the former executor at the total sum of only $18,500, and directed that all sums in excess of $18,726.03, which included $226.03 for disbursements, be refunded to the estate, and (2) from so much of an order of the same court dated March 25, 2013, as denied his request to reconsider its determination as to the reasonable value of the legal services provided to the former executor.

Ordered that on the Court's own motion, the notice of appeal is deemed to be by nonparty Gerald N. Daffner (*see* CPLR 2001; *Matter of Tagliaferri v Weiler*, 1 NY3d 605 [2004]); and it is further,

Ordered that on the Court's own motion, the notice of appeal from the orders dated December 17, 2012, and March 25, 2013, is deemed to be an application for leave to appeal from these orders, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the orders are affirmed insofar as appealed from, without costs or disbursement.

"The Surrogate's Court bears the ultimate responsibility for deciding what constitutes a reasonable attorney's fee" (*Matter of Goliger*, 58 AD3d 732, 732 [2009]; *see Matter of Massey*, 73 AD3d 1179 [2010]). Such determination is a matter within the sound discretion of the court regardless of the existence of a retainer agreement or whether all the interested parties have consented to the amount of fees requested (*see Matter of Massey*, 73 AD3d 1179 [2010]; *Matter of Katz*, 55 AD3d 836, 837 [2008]; *Matter of Tendler*, 12 AD3d 520, 521 [2004]). "In evaluating what constitutes a reasonable attorney's fee, factors to be considered include the time and labor expended, the difficulty of the questions involved and the required skill to handle the problems presented, the attorney's experience, ability, and reputation, the amount involved, the customary fee charged for such services, and the results obtained" (*Matter of Goliger*, 58 AD3d at 732 [internal quotation marks omitted]; *see Matter of Massey*, 73 AD3d at 1179-1180; *Matter of Mergentime*, 207 AD2d 452, 453 [1994]).

In this case, contrary to the nonparty appellant's contention, the Surrogate's Court did not improvidently exercise its discre-

tion in awarding an attorney's fee in the sum of $18,500 (plus $226.03 in disbursements), and in directing a refund of all sums paid in excess of that amount to the estate (*see Matter of Massey*, 73 AD3d at 1180; *Matter of Goliger*, 58 AD3d at 733; *Matter of Tendler*, 12 AD3d at 521; *Matter of Bobeck*, 196 AD2d 496, 497 [1993]). Skelos, J.P., Lott, Roman and LaSalle, JJ., concur.