■ In the Matter of PHILIP J. ELENIDIS, Deceased. YOLANDE ELENIDIS, Petitioner. JOSEPH H. GRUNER et al., Nonparty Appellants. [992 NYS2d 128]—

In a proceeding for the administration of the estate of Philip J. Elenidis, in which the administrator of the estate petitioned to settle her account, nonparty accountants Gerard Esposito & Company, Inc., and Gerard Esposito appeal, as limited by their brief, from so much of an order of the Surrogate's Court, Westchester County (Scarpino, Jr., S.), dated August 15, 2012, as, upon denying that branch of the administrator's petition which was for approval of an accountant's fee already paid to them by the administrator, disallowed their accountant's fee and directed them to repay the fee in its entirety to the administrator, and nonparty attorneys Joseph H. Gruner, P.C., and Joseph H. Gruner separately appeal, as limited by their brief, from so much of the same order, as, upon denying that branch of the administrator's petition which was for approval of the portion of the attorney's fee already paid to them by the administrator, fixed the reasonable amount of their attorney's fee in the sum of only $9,100, and directed them to return any attorney's fee paid to them in excess of $9,100.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof fixing the attorney's fee for Joseph H. Gruner, P.C., and Joseph H. Gruner in the sum of $9,100, and substituting therefor a provision fixing the attorney's fee in the amount of $12,600; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The decedent, Philip J. Elenidis, died intestate on June 25, 2003, survived by his wife, Yolande Elenidis, the petitioner herein, and his adult daughter and son, as his sole distributees. During his lifetime, the decedent was an accountant.

The petitioner entered into a retainer agreement with attorney Joseph H. Gruner and his firm (hereinafter together the Gruner appellants) in July 2003, pursuant to which the Gruner appellants were to represent her in connection with obtaining letters of administration from the Surrogate's Court, Westchester County, and to assist her with the administration of the decedent's estate, which was nearly devoid of assets, and subject to creditors' claims in excess of $450,000. Letters of administration were issued to the petitioner on August 21, 2003.

The petitioner also entered into an "asset and transfer and consulting agreement" dated August 1, 2003, in both her individual and representative capacities, with accountant Gerard Esposito and his firm (hereinafter together the Esposito appellants). Esposito described this agreement as providing services to the decedent's former accounting clients so as to preserve the accounting practice as an asset of the estate. Notably, the agreement provided that no payments would be made to the petitioner in her individual capacity as a "consultant," or in her representative capacity as the administrator of the decedent's estate, until the Esposito appellants fully recouped the sum of more than $32,000, which they billed to the estate for accounting fees for services rendered in connection with the decedent's accounting practice in July 2003.

In a petition to settle her final account filed January 5, 2012, the petitioner indicated that the decedent's estate received approximately $30,000 as a distribution from the estate of the decedent's predeceased mother, plus $75,942.77 in installment payments from the Esposito appellants, while unpaid creditors' claims, including those of the Internal Revenue Service and the New York State Department of Taxation and Finance, totaled in excess of $450,000. The petition requested approval and allowance of the Gruner appellants' fee, which the petitioner had paid in the amount of $35,172.08 for services rendered from July 2003 through September 2009, the approval of an ad-

ditional attorney's fee in the sum of $10,830 for services rendered from September 2009 through December 2011, and the approval and allowance of fees for 287 hours of accounting services provided by the Esposito appellants and their staff in July 2003, which the petitioner also paid in the discounted amount of $32,836. The petition also requested approval of additional accountancy fees in the amount of $35,122 for services that the Esposito appellants allegedly performed from August 2003 through January 2007 and, inter alia, authorization to pay the balance of estate assets to the Internal Revenue Service for its claim for the decedent's unpaid income taxes in the amount of $174,000, and a determination that all other creditors' claims had abated due to the insolvency of the estate.

In an order dated August 15, 2012, the Surrogate disallowed the request for approval of an accountancy fee to the Esposito appellants, directed the return of any accountancy fees paid to the Esposito appellants, fixed and determined the reasonable amount of the Gruner appellants' legal fee in the sum of $9,100, and directed the return of any fees paid to the Gruner appellants in excess of that sum.

"The determination of a reasonable attorney's fee in a matter concerning an estate is within the sound discretion of the Surrogate's Court" (*Matter of Weinberg*, 107 AD3d 729, 730 [2013]; *see DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *Matter of Benjamin*, 72 AD3d 1078 [2010]; *Matter of Mero*, 62 AD3d 1003, 1004 [2009]; *Matter of Piterniak*, 38 AD3d 780, 781 [2007]). The Surrogate has the ultimate responsibility for determining a reasonable attorney's fee, based on his or her " 'far superior position to judge those factors integral to the fixing of counsel fees such as the time, effort and skill required' " (*Matter of Mero*, 62 AD3d at 1004, quoting *Matter of Drossos*, 26 AD3d 602, 602-603 [2006]; *see Matter of Driscoll*, 273 AD2d 381, 382 [2000]). Notably, the Surrogate has the authority to determine a reasonable professional fee independent of the terms of a retainer agreement or the consent of interested parties to the requested compensation (*see Matter of Weinberg*, 107 AD3d at 730; *Matter of Talbot*, 84 AD3d 967 [2011]; *Matter of Benjamin*, 72 AD3d 1078 [2010]).

Here, the Surrogate providently exercised his discretion in disallowing any part of the accountant's fees requested on behalf of the Esposito appellants, and directing the return of fees already paid to them in the sum of $36,772. The services that the Esposito appellants provided in July 2003 covered their due diligence in connection with Esposito's interest in the decedent's accounting practice, which did not benefit the estate, and there

was no basis for the petitioner to employ an accountant on behalf of this clearly insolvent estate (*cf. Matter of Musil,* 254 App Div 765 [1938]).

The Surrogate properly considered the relevant factors in fixing the reasonable amount of the attorney's fee to be paid to the Gruner appellants, which included the size of the estate and whether the services benefitted the estate (*see Matter of Freeman,* 34 NY2d 1, 9 [1974]; *Matter of Benjamin,* 72 AD3d 1078 [2010]; *Matter of Morris,* 57 AD3d 674 [2008]). However, the Surrogate improvidently exercised his discretion in allowing an attorney's fee for only 20 hours of services rendered in connection with the administration of the estate. As the Gruner appellants demonstrated their entitlement to a fee for 30 hours of services rendered to the estate, the order must be modified accordingly (*see Matter of Weinberg,* 107 AD3d 729 [2013]). Skelos, J.P., Hall, Duffy and Barros, JJ., concur.