■ In the Matter of WILLIAM MADENBERG IRREVOCABLE TRUST. ROCHELLE MADENBERG et al., Respondents; STEPHEN C. SILVERBERG, Appellant. [39 NYS3d 798]—In a proceeding, inter alia, to remove Stephen C. Silverberg as trustee of an irrevocable trust, Stephen C. Silverberg appeals from (1) an order of the Surrogate's Court, Nassau County (McCarty III, S.), dated September 12, 2013, which granted that branch of the petitioners' motion which was pursuant to CPLR 5104 to hold him in contempt of court for failure to comply with the terms of a so-ordered stipulation of settlement dated May 1, 2012, and (2) an order of same court dated October 17, 2013, which granted that branch of the petitioners' motion which was for an award of an attorney's fee to the extent of awarding them the sum of $3,500.

Ordered that the orders are affirmed, without costs or disbursements.

The Surrogate's Court properly granted that branch of the

petitioners' motion which was pursuant to CPLR 5104 to hold the appellant in contempt of court for failure to comply with the terms of a so-ordered stipulation of settlement. The petitioners demonstrated, by clear and convincing evidence, that the appellant disobeyed unequivocal mandates set forth in the so-ordered stipulation of settlement, of which he had knowledge, and that they were prejudiced by this conduct (*see El-Dehdan v El-Dehdan*, 26 NY3d 19, 29 [2015]; *Matter of Savas v Bruen*, 139 AD3d 736 [2016]; *Sterngass v Town Bd. of Town of Clarkstown*, 27 AD3d 550 [2006]). In opposition, the appellant failed to refute this showing, or to offer evidence of a defense, such as inability to comply with the order (*see Matter of Savas v Bruen*, 139 AD3d at 736; *Lundgren v Lundgren*, 127 AD3d 938, 940-941 [2015]).

The Surrogate's Court also properly granted that branch of the petitioners' motion which was for an award of an attorney's fee to the extent of awarding them the sum of $3,500. The stipulation of settlement provided that "[i]n the event any action or proceeding shall be instituted by any party to this Stipulation to enforce any of the terms and provisions contained therein, the prevailing party shall be entitled to recover from the losing party such reasonable attorney's fees, costs and expenses as may be fixed by the Court." The court's determination as to the amount of the award was a provident exercise of discretion (*see RMP Capital Corp. v Victory Jet, LLC*, 139 AD3d 836, 839-840 [2016]; *Matter of Greenfield*, 127 AD3d 1189, 1191 [2015]). Chambers, J.P., Dickerson, Miller and Connolly, JJ., concur.