ARMIN ROTHAUSER et al., Plaintiffs, and LOUIE DOWNING et al., Respondents, v ANGELA GREER, Appellant, et al., Defendants. [44 NYS3d 119]—

In an action to determine claims to certain real property and for injunctive relief, the defendant Angela Greer appeals, as limited by her brief, from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated August 21, 2014, as, in effect, denied her motion to hold the plaintiffs Louie Downing and Delia Downing in contempt for violating a judgment of the same court dated September 6, 2011, by mowing grass and cutting down trees on the lands adjacent to a specified main right-of-way and branch-off, and to enjoin the plaintiffs from continuing this activity.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties to this action dispute whether the plaintiffs Louie Downing and Delia Downing (hereinafter together the plaintiffs) violated a judgment entered in 2011 (hereinafter the 2011 judgment), of the Supreme Court, Orange County. The 2011 judgment provided, among other things, that the plaintiffs were not entitled to expand an existing right-of-way and branch-off beyond their existing dimensions or to change the fundamental nature of the main right-of-way or branch-off. The judgment also provided that the plaintiffs were entitled to maintain, repair, and improve the main right-of-way and branch-off in any manner that did not alter their fundamental nature as rural, country lanes, without notice to or the approval of the defendant Angela Greer (hereinafter the defendant).

In 2013, the defendant moved to hold the plaintiffs in contempt for violating the 2011 judgment by, among other things, mowing grass and cutting down trees on the lands adjacent to the main right-of-way and branch-off. The defendant also sought injunctive relief. After a hearing, the Supreme Court found that the plaintiffs had not violated the 2011 judgment, and it therefore denied the defendant's motion insofar as it sought to have the plaintiffs held in contempt. The court also declined to order further injunctive relief, concluding that it would be redundant to direct the plaintiffs to comply with the 2011 judgment. The defendant appeals.

A party seeking imposition of punishment for civil contempt must prove by clear and convincing evidence that the party to be charged with the contempt violated a clear and unequivocal mandate of the court of which it had knowledge, and thereby prejudiced the movant's rights (*see S.P.Q.R. Co., Inc. v United Rockland Holding Co., Inc.*, 136 AD3d 610, 611-612 [2016]; *Wheels Am. N.Y., Ltd v Montalvo*, 50 AD3d 1130, 1130 [2008]).

Here, the Supreme Court, after a hearing, found that the plaintiffs did not violate the 2011 judgment. The court's determination was based in large part on its evaluation of the credibility of the witnesses at the hearing. Since a hearing court has the advantage of seeing and hearing the witnesses as they testify, we give appropriate deference to its credibility determinations (*see Matter of Tenzer*, 144 AD3d 1044 [2d Dept 2016]; *Praimnath v Torres*, 59 AD3d 419, 419-420 [2009]). According appropriate deference here, there is no basis to overturn the determination that the plaintiffs did not violate the 2011 judgment (*see Albert v Albert*, 126 AD3d 921, 923 [2015]). Contrary to the defendant's contention, the court did not, by its determination, alter the meaning of the 2011 judgment. Accordingly, the court properly declined to hold the plaintiffs in contempt.

The court properly denied the defendant's request for further injunctive relief.

The defendant's remaining contention is improperly raised for the first time on appeal (*see Jean v Joseph*, 41 AD3d 657, 658 [2007]). Balkin, J.P., Dickerson, LaSalle and Connolly, JJ., concur.