OPINION OF THE COURT
John G. Ingram, S.
The Office of the Attorney General of the State of New York moves in the above listed 83 estates for an order:
(a) Determining that Louis R. Rosenthal and his firm are not entitled to any legal fees for any services he or his firm rendered to the Public Administrator for Kings County in connection with these estates.
(b) Directing Louis R. Rosenthal to repay to the Public Administrator, for distribution to the relevant estate, all amounts that Louis R. Rosenthal or his firm were paid for any services rendered to the Public Administrator, plus interest at the legal rate from the date of the original decree in that estate until the date of repayment.
The present motions emanate out of a series of motions previously brought by the Attorney General to vacate the award of attorneys’ fees to Louis R. Rosenthal, as counsel to the Public Administrator, in decrees entered during the period January 1, 1997 through May 31, 2002 in estates administered by the Kings County Public Administrator.
The court (Johnson, S.) decided these motions vacating that portion of the decrees which approved and awarded attorneys’ fees to Rosenthal and ordered him to submit within 60 days affidavits of legal services in each of the estates conforming to the requirements of SCPA 1108 (2) (c). The orders provided that if Rosenthal failed to submit the affidavits, the Attorney General could move for appropriate relief (Matter of Adelson, 25 Misc 3d 1215[A], 2009 NY Slip Op 52136[U] [2009], affd 84 AD3d 952 [2d Dept 2011]). In response to the failure of Rosenthal to submit the required affidavits of legal services the Attorney General brought the present motions.
In opposition to the present 83 motions, Rosenthal had argued, inter alia, that these proceedings should be transferred to another county citing, Matter of Greenfield (127 AD3d 1189 [2d Dept 2015]). The court (Johnson, S.) in a decision dated October 14, 2015, held these motions in abeyance pending application to and determination by the Deputy Chief Administrative Judge for the New York City Courts as to where these motions would be transferred for disposition. By administrative transfer order No. 78, dated June 20, 2017, these 83 matters were assigned to this court (Ingram, A.S.), to hear and *1163 determine all proceedings, including trial, in or related to these matters.
SCPA 1108 (2) (c) provides that any legal fees allowed by the court as compensation to counsel for the public administrator “shall be supported by an affidavit of legal services setting forth in detail the services rendered, the time spent, and the method or basis by which [the] requested compensation was determined.”
The Court of Appeals in Matter of Feinberg (5 NY3d 206 [2005]) specifically found that former Surrogate Feinberg neither required Rosenthal to submit affidavits of legal services, nor determined his fees based on consideration of the statutory factors specified in SCPA 1108 (2) (c). As such in order to fix Rosenthal’s fees this court must perform the statutorily required review of the fees requested in each estate.
In the affirmations in opposition to the Attorney General’s present motions it is affirmed in paragraph 11 thereof that “[e]ach of these estates were handled approximately over a decade ago and it is literally impossible for Louis R. Rosenthal to detail the services rendered, the time spent on each task, and the method or basis used for determining the legal fee assessed.”
As Rosenthal has conceded that he cannot supply the court with affidavits of legal services in conformity with SCPA 1108 (2) (c), the court cannot ascertain whether the fees are justified by the services rendered. A review of the statutory factors is not discretionary. As was pointed out by the Court of Appeals in Matter of Feinberg, “the plain language of SCPA 1108 (2) (c) directs a surrogate to review the statutory factors prior to compensating counsel” (5 NY3d at 215).*
As Rosenthal cannot provide the court with affidavits of legal services in conformity with SCPA 1108 (2) (c), he is directed to repay to the Public Administrator, for distribution to the relevant estate, all amounts that he or his firm .were paid for any services rendered to the Public Administrator, plus interest at the legal rate from the date of the original decree in that estate until the date of repayment.

 So obligatory is the review of statutory factors of SCPA 1108 (2) (c) in awarding legal fees that the failure to do so has been found to be a violation of 22 NYCRR 100.3 (B) (1), which requires a judge to be faithful to the law and maintain professional competence in it (see Matter of Feinberg, 5 NY3d at 213).