Pierot v Marom (2019 NY Slip Op 03639)





Pierot v Marom


2019 NY Slip Op 03639


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
BETSY BARROS, JJ.


2016-13057
 (Index No. 65092/14)

[*1]Audrey G. Pierot, etc., et al., appellants, 
v
Michael Marom, defendant, Naomi Marom, respondent.


Clifford J. Bond, New Rochelle, NY, for appellants.
Michael Marom, Apex, North Carolina, defendant pro se.



DECISION & ORDER
In an action to enforce certain provisions of a stipulation of settlement, the plaintiffs appeal from a money judgment of the Supreme Court, Westchester County (William J. Giacomo, J.), dated November 15, 2016. The money judgment, upon a decision of the same court dated June 9, 2016, made after a hearing, is in favor of the defendant Naomi Marom and against the plaintiffs in the sum of $29,958.99.
ORDERED that the money judgment is affirmed, without costs or disbursements.
By summons and complaint dated September 22, 2014, the plaintiffs commenced this action against the defendants to enforce a stipulation of settlement dated July 10, 2014. In relevant part, the defendants agreed in the stipulation of settlement to transfer an exclusive easement over a shared driveway to the plaintiffs (see Pierot v Marom, _____ AD3d _____ [Appellate Division Docket No. 2015-02614; decided herewith]). In an order dated March 17, 2015, the Supreme Court, among other things, directed the defendants not to enter the area covered by the exclusive easement and to remove certain large plastic barriers located near the area covered by the exclusive easement. According to the plaintiffs, on April 16, 2015, the defendants excavated land while removing the barriers and in so doing, violated the exclusive easement.
In May 2015, the plaintiffs moved, inter alia, to hold the defendants in civil contempt. The defendant Naomi Marom opposed the plaintiffs' motion and cross-moved for an award of counsel fees in accordance with the terms of the stipulation of settlement. The Supreme Court, after a hearing, determined that the plaintiffs failed to satisfy their burden of proving the defendants' contempt, and awarded Naomi Marom the sum of $20,000 in counsel fees, together with costs and disbursements. The court thereafter entered a money judgment dated November 15, 2016, in favor of Naomi Marom and against the plaintiffs in the sum of $29,958.99. The plaintiffs appeal from the money judgment.
A motion to punish a party for civil contempt is addressed to the sound discretion of the court (see El-Dehdan v El-Dehdan, 26 NY3d 19, 29; Savel v Savel, 153 AD3d 872, 873; Matter of Hughes v Kameneva, 96 AD3d 845, 846). "A party seeking imposition of punishment for civil contempt must prove by clear and convincing evidence that the party to be charged with the contempt violated a clear and unequivocal mandate of the court of which it had knowledge, and [*2]thereby prejudiced the movant's rights" (Rothauser v Greer, 145 AD3d 929, 930; see El-Dehdan v El-Dehdan, 26 NY3d at 29; S.P.Q.R. Co., Inc. v United Rockland Holding Co., Inc., 136 AD3d 610, 611-612).
Here, contrary to the plaintiffs' argument, the nontestimonial evidence adduced at the hearing did not conclusively establish that the land that the defendants excavated was within the exclusive easement. As such, the Supreme Court's determination was based on its evaluation of the credibility of the witnesses at the hearing. "Since a hearing court has the advantage of seeing and hearing the witnesses as they testify, we give appropriate deference to its credibility determinations" (Rothauser v Greer, 145 AD3d at 930; see Praimnath v Torres, 59 AD3d 419, 419-420). According the appropriate deference here, there is no basis to overturn the court's determination that the plaintiffs failed to meet their burden of proving by clear and convincing evidence that the defendants' conduct violated the exclusive easement.
Contrary to the plaintiffs' contention, the Supreme Court's determination as to the amount of the counsel fees award to Naomi Marom was a provident exercise of discretion (see Matter of William Madenberg Irrevocable Trust, 143 AD3d 904, 905; RMP Capital Corp v Victory Jet, LLC, 139 AD3d 836, 840).
SCHEINKMAN, P.J., RIVERA, HINDS-RADIX and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court