Islip Theaters, LLC v Landmark Plaza Props. Corp. (2020 NY Slip Op 03002)





Islip Theaters, LLC v Landmark Plaza Props. Corp.


2020 NY Slip Op 03002


Decided on May 27, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 27, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-06595
 (Index Nos. 12315/15, 606246/17)

[*1]Islip Theaters, LLC, respondent, 
v
Landmark Plaza Properties Corp., appellant, et al., defendants. (Action No. 1)
Islip Theaters, LLC, respondent, 
v
Landmark Plaza Properties Corp., appellant. (Action No. 2)


Glenn T. Nugent, P.C., Amityville, NY, for appellant.
William R. Garbarino, Sayville, NY (Donald R. Hamill of counsel), for respondent.



DECISION & ORDER
In two related actions, inter alia, for declaratory and injunctive relief, the defendant Landmark Plaza Properties Corp. appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated June 20, 2017. The order, insofar as appealed from, (1) granted that branch of the plaintiff's motion pursuant to CPLR 5104 in Action No. 1 which was to hold the defendant Landmark Plaza Properties Corp. in civil contempt for failure to comply with the terms of a so-ordered stipulation of settlement dated November 2, 2016, and (2), upon granting the plaintiff's motions for a preliminary injunction in Action No. 2, directed that that defendant's reasonable access to certain premises under a particular lease shall consist of a 30-minute opportunity to inspect the premises quarterly.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, Islip Theaters, LLC, leases certain premises from the defendant Landmark Plaza Properties Corp. (hereinafter the landlord), in which the plaintiff operates a movie theater. In 2015, the plaintiff commenced an action alleging rent overcharges. That action was consolidated with another action commenced by the plaintiff seeking a Yellowstone injunction (see First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630), with respect to two notices of default and cure issued by the landlord. The notices alleged various violations of the lease by the plaintiff, including that the plaintiff failed to keep the roof in good repair. On November 2, 2016, the parties entered into a so-ordered stipulation of settlement resolving the consolidated action. The stipulation was set forth in a detailed writing in which numerous alterations to the typed text were made by hand.
Insofar as relevant here, the landlord agreed to deposit $32,500 into escrow pending the plaintiff's purchase and installation of a new roof. The plaintiff had the right to select the contractor and roofing material. The installation of the roof was to include the use of the existing drains which were required to be in operating condition upon completion of the work. Upon [*2]completion of the work, the plaintiff was required to provide the landlord with a certification by H2M Architects and Engineers (hereinafter H2M) that the installation complied with the roof manufacturer's standards and that the roof drains were in working order, together with a standard 20-year warranty provided by the roof manufacturer. Upon receipt of these documents together with a receipted bill, the landlord was to release the escrowed funds to the plaintiff as full payment of the landlord's contribution to the cost of the roof.
After the roof work was completed, the plaintiff provided the required certifications and documents. However, the landlord refused to release the escrowed funds. The plaintiff moved pursuant to CPLR 5104 to hold the landlord and certain nonparties in civil contempt for violation of the stipulation of settlement.
The landlord thereafter issued a notice of default dated March 29, 2017, alleging that the plaintiff violated the lease by, among other things, failing to permit the landlord to enter the premises for inspection. The plaintiff commenced a second action seeking a Yellowstone injunction related to the new notice of default and moved for a preliminary injunction. The landlord thereafter issued further notices of default and cure, which were also disputed by the plaintiff in the second action.
In an order dated June 20, 2017, the Supreme Court, among other things, granted that branch of the plaintiff's motion in the consolidated action which was to hold the landlord in civil contempt, granted the plaintiff's motions in the second action for a preliminary injunction, and directed that the landlord's reasonable access to the premises under the lease shall consist of a 30-minute opportunity to inspect the premises quarterly. The landlord appeals.
To hold the landlord in civil contempt pursuant to CPLR 5104, the plaintiff was required to establish, by clear and convincing evidence, that the landlord refused or willfully neglected to obey a clear and unequivocal judicial mandate in the stipulation of settlement, of which the landlord had knowledge, and that the plaintiff was prejudiced by this conduct (see CPLR 5104; Dreher v Martinez, 155 AD3d 688, 689; Matter of William Madenberg Irrevocable Trust, 143 AD3d 904, 905). We agree with the Supreme Court that the plaintiff met this burden.
The plaintiff demonstrated that it had complied with its obligations in the stipulation of settlement, which by its plain language required the plaintiff to purchase and install a new roof, which it did. Contrary to the landlord's contention, the stipulation did not require that the preexisting roof be removed as a precondition to the installation of the new roof (see generally McCoy v Feinman, 99 NY2d 295, 302). The plaintiff also established that it obtained and delivered to the landlord all of the required documentation, consisting of the certification by H2M that the roof installation complied with the roof manufacturer's standards and that the roof drains were in working order, the manufacturer's warranty, and the receipted bill. Accordingly, the landlord's obligation to release the escrowed funds was clear and unequivocal and the plaintiff was prejudiced by the landlord's refusal to do so, such that the contempt finding was appropriate (see CPLR 5104; Matter of William Madenberg Irrevocable Trust, 143 AD3d at 905).
The landlord further contends that the Supreme Court improperly limited it to one 30-minute inspection of the premises quarterly. We disagree. "[A] contract should be read as a whole, . . . and if possible it will be so interpreted as to give effect to its general purpose" (Marin v Constitution Realty, LLC, 28 NY3d 666, 673 [internal quotation marks omitted]; see Kaplan v Kaplan, 174 AD3d 691, 693-694). While the landlord has the right under the lease to enter the premises at all reasonable business hours for the purpose of inspection, the landlord is required to use its best efforts not to unreasonably interfere with the conduct of the plaintiff's business, and the plaintiff was granted the right of quiet enjoyment of the premises. Thus, the landlord does not have the absolute right to perform inspections without regard for the plaintiff's business (see Christine's Shoes Corp. v 251 Main St. Corp., 267 AD2d 415, 415). The court's interpretation of the inspection provision of the lease as permitting the landlord reasonable access for inspections reconciled that provision with the plaintiff's right to conduct its business without undue interference by the landlord (see 112 W. 34th St. Assoc., LLC v 112-1400 Trade Props. LLC, 95 AD3d 529, 531; Christine's [*3]Shoes Corp. v 251 Main St. Corp., 267 AD2d at 415). Under the particular circumstances of this case, which include a pattern by the landlord of seeking inspections in bad faith, with the effect of harassing the plaintiff, the court's limitation of the landlord to one 30-minute inspection quarterly was a provident exercise of discretion.
The landlord's requests that this Court direct removal of the new roof and award it related relief are not properly before this Court (see Warmhold v Zagarino, 106 AD3d 994, 995).
SCHEINKMAN, P.J., AUSTIN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court